1    DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
2    JESSE J. KOEHLER (S.B. #300530)
jkoehler@omm.com
3    O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
4    San Francisco, California  94111-3823
Telephone:     (415) 984-8700
5    Facsimile:     (415) 984-8701

6    Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.
7

8                **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| 12   ARTIFEX SOFTWARE, INC., | Case No. |
| 13          Plaintiff, | **COMPLAINT FOR** |
| 14      v. | **1. BREACH OF CONTRACT**<br>**2. COPYRIGHT INFRINGEMENT** |
| 15   HANCOM, INC., | **DEMAND FOR JURY TRIAL** |
| 16          Defendant. | |

17

18       Plaintiff Artifex Software, Inc. ("Artifex") for its Complaint against Defendant Hancom,

19   Inc. ("Hancom") alleges and avers as follows:

20                      **INTRODUCTION**

21       1.  Artifex is the owner of Ghostscript, a leading program used to interpret certain

22   page description language files, such as Adobe Systems Incorporated's ("Adobe") Portable

23   Document Format ("PDF") files.  Ghostscript is the most widely used PDF interpreter not

24   developed by Adobe itself and far outperforms its competitors on reliability and performance

25   benchmarks.  In addition to offering commercial licenses to Ghostscript, Artifex licenses

26   Ghostscript to the public under a conditional open source license called the GNU General Public

27   License ("GNU GPL") to further promote the advancement of interpreter technologies.

28

2.    Hancom has abused Artifex's altruism by reaping the benefits of a Ghostscript license under the GNU GPL without complying with the terms of that license.  Hancom is a South Korean software company that owns and develops Hangul, a word processing software used primarily in South Korea and the United States as an alternative to Microsoft Inc.'s Microsoft Word program.  Artifex recently discovered that Hancom used and incorporated Ghostscript into its Hangul software beginning as early as 2013.  Although Hancom claimed on its website to license Ghostscript under the GNU GPL, Hancom failed to comply with key terms of that license.   Accordingly, Hancom's use and distribution of Ghostscript in its software was unlicensed and unauthorized.  This abuse of the GNU GPL is an affront to Artifex's altruistic efforts in sharing access to Ghostscript with the public.

3.    Upon discovering Hancom's abuse of the GNU GPL and infringement of Artifex's valuable copyright in Ghostscript, Artifex demanded that Hancom cease its infringement and remit to Artifex a reasonable royalty for Hancom's years of unlicensed use of Ghostscript. Rebuffed by Hancom, Artifex turns to this Court to enjoin Hancom from further infringement and to seek relief and recovery for  Hancom's abuse of Artifex's open source license.

**NATURE OF THE CASE**

4.    This action seeks to enjoin Hancom from unauthorized and unlawful use of Artifex's copyright in Ghostscript and to hold Hancom accountable for injury inflicted by its breach of the GNU GPL and copyright infringement.

5.    Artifex seeks permanent injunctive relief and damages under the laws of the United States and the State of California.

**PARTIES**

6.    Plaintiff Artifex is a California corporation with its principal place of business at 7 Mt. Lassen Drive, A-134, San Rafael, California.

7.    Defendant Hancom is a South Korean corporation with its principal place of business at 10Fl. Hancom Tower, 49, Daewangpangyo-ro 644 Beon-gil, Sampyeong-dong, Bundang-gu, Seongnam-si, Gyeonggi-do, Republic of Korea, 13493.  On information and belief, Hancom does business in California directly as well as through its subsidiary ThinkFree, Inc., a

COMPLAINT

1   California corporation based in San Jose, California.  On information and belief, Hancom has

2   offered and distributed its infringing products incorporating Ghostscript in California through the

3   Internet.

4   **JURISDICTION AND VENUE**

5       8.   Artifex's claim for copyright infringement arises under the Copyright Act of 1976,

6   17 U.S.C. § 101 *et seq*.  Artifex also brings a related state law claim for breach of contract.

7       9.   This Court has original subject matter jurisdiction of this action under 28 U.S.C.

8   §§ 1331, 1338, and 1367.  Additionally, this Court has subject matter jurisdiction over  this action

9   under 28 U.S.C. § 1332 because this action is between a citizen of a foreign country and a citizen

10  of the United States, with an amount in controversy in excess of $75,000.

11      10. This Court has specific personal jurisdiction over Hancom as it, through its

12  offering and distribution of its infringing products containing Ghostscript through the Internet to

13  citizens of California and conducting business with companies in California, including entering

14  into the GNU GPL with Artifex, purposefully committed within California the acts from which

15  these claims arise and/or committed tortious acts outside California, knowing and intending that

16  such acts would cause injury within the state to Artifex, a California corporation.  The Court also

17  has general personal jurisdiction over Hancom as it conducts continuous, systematic, and routine

18  business through the Internet within the state of California and within the jurisdiction of this

19  Court, which makes Hancom essentially at home in California.

20      11. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a).

21  **INTRADISTRICT ASSIGNMENT**

22      12. This is an Intellectual Property Action and therefore assignment to any division of

23  the Court is proper pursuant to Civil L.R. 3-2(c).  Artifex believes assignment to the San

24  Francisco division is particularly appropriate given its proximity to the principal offices of Artifex

25  as well as Artifex's counsel of record.

26

27

28

COMPLAINT

## GENERAL ALLEGATIONS

### Artifex and Ghostscript

13. Artifex is a closely-held, private corporation that was formed in 1993 and is headquartered in San Rafael, California.  Artifex develops and licenses software products that interpret files written in a page description language ("PDL").

14. A PDL is a computer language developed for describing the contents of a printed page.  A widely used example of a PDL is the Portable Document Format ("PDF") developed by Adobe Systems Incorporated ("Adobe").  PDF files generally allow for a document created on one platform to be displayed and/or printed on another platform exactly as it had been on the first. This is true regardless of whether the document consists of graphics, text, or both.  Moreover, PDF files will display text on the screen as it would be displayed on printed pages regardless of the font that the text was created in and regardless of whether the displaying computer (or printer) is loaded with such fonts.  Fonts used in PDF files are embedded within the PDF file itself, eliminating the need for both computers to install the same fonts.  PDF files, moreover, are generally created from the print stream generated by a program.  A PDF creator will capture the information from the print stream and convert it into a PDF file.  One drawback of PDF files is that, in general, they cannot be edited once the underlying document is encapsulated as a PDF file.  These are called "static" PDF files.

15. Ghostscript is a program developed by Artifex that can interpret certain PDL files, including those written in PDF.  Ghostscript interprets files written in PDF for display on a computer screen or for printing.  Ghostscript can, in addition, create PDF files from a print stream and thereby capture a document exactly as it would be printed on a page.

16. Ghostscript is now the most widely used PDF interpreter not developed by Adobe itself.  Artifex has earned the confidence of its customers through the demonstrated reliability of its products and highly competitive results on performance benchmarks.  These results have been accomplished only through extensive investment in research and development of the Ghostscript product.  Each generation of Ghostscript reaches maturity through the scrutiny of dozens of

COMPLAINT

1    external beta testers and thousands of diverse users on the Internet.  Artifex has expended

2    substantial amounts on research and development in order to improve and update Ghostscript.

3           17. Artifex's business is based on the revenues derived from Artifex's position as the

4    exclusive commercial licensing agent of the Ghostscript interpreter technologies.  Artifex licenses

5    Ghostscript to the public under different licensing schemes.  For those seeking to commercially

6    distribute Ghostscript or any product that incorporates Ghostscript, Artifex will grant, for a fee, a

7    license to use, modify, copy, and/or distribute Artifex Ghostscript.

8           18. Non-commercial users and users willing to comply with certain open-source

9    licensing requirements may seek a license from Artifex under the GNU GPL.  A true and correct

10   copy of the GNU GPL is attached hereto as **Exhibit 1**.  Artifex licenses Ghostscript under the

11   GNU GPL and does not charge a fee for licenses granted thereunder.  The GNU GPL was created

12   to promote the open-source development of software products.  Towards that end, the GNU GPL

13   grants the end user the right to copy, modify, or distribute GPL Ghostscript.

14                            **<u>Hancom and its Infringing Software</u>**

15          19. Hancom is a publicly traded corporation on the KOSDAQ exchange.  Hancom is

16   the owner and developer of Hangul, a word processing software, and Hancom Office, a suite of

17   software programs consisting of Hangul, a spreadsheet software, and presentation software.

18   Hancom reported ₩84.9 billion—approximately $86.3 million—in revenue for 2015 from its

19   software sales.

20          20. Hancom incorporated Ghostscript into Hangul, and thus Hancom Office, at least as

21   early as January 2013.  Before Hancom purportedly removed Ghostscript from the Hancom

22   software in August 2016 after receiving a demand letter from Artifex, the Hancom website stated

23   that Hancom licensed Ghostscript under the GNU GPL.

24          21. Because Hancom used and distributed Ghostscript without a commercial license

25   with Artifex, Hancom has consented to the terms of the GNU GPL and is a party to that

26   agreement with Artifex.  The GNU GPL provides at Section 9:

27              You are not required to accept this License in order to receive or
                run a copy of the Program. Ancillary propagation of a covered work
28              occurring   solely   as   a   consequence   of   using   peer-to-peer

COMPLAINT

transmission to receive a copy likewise does not require acceptance. However, nothing other than this License grants you permission to propagate or modify any covered work. These actions infringe copyright if you do not accept this License. Therefore, by modifying or propagating a covered work, you indicate your acceptance of this License to do so.

22. Hancom's use of Ghostscript, however, did not comply with the conditions imposed by the GNU GPL.

23. Before August 2016, Hancom integrated Ghostscript into its software in a way that an end user interfaced with only the Hancom software program without any option for opting out of use of Ghostscript or the obligations concerning Ghostscript under the GNU GPL. The end user was never separately notified that Ghostscript was part of the Hancom software. Hancom's use and incorporation of Ghostscript was seamless and entirely invisible to the end user.

24. Because Hancom's Hangul and Hancom Office software incorporated Ghostscript in this way, Hancom was required to distribute its software with the accompanying source code. The GNU GPL provides at Section 6:

You may convey a covered work in object code form under the terms of sections 4 and 5, provided that you also convey the machine-readable Corresponding Source under the terms of this License, in one of these ways:

a) Convey the object code in, or embodied in, a physical product (including a physical distribution medium), accompanied by the Corresponding Source fixed on a durable physical medium customarily used for software interchange.

b) Convey the object code in, or embodied in, a physical product (including a physical distribution medium), accompanied by a written offer, valid for at least three years and valid for as long as you offer spare parts or customer support for that product model, to give anyone who possesses the object code either (1) a copy of the Corresponding Source for all the software in the product that is covered by this License, on a durable physical medium customarily used for software interchange, for a price no more than your reasonable cost of physically performing this conveying of source, or (2) access to copy the Corresponding Source from a network server at no charge.

. . .

d) Convey the object code by offering access from a designated place (gratis or for a charge), and offer equivalent access to the Corresponding Source in the same way through the same place at no further charge. You need not require recipients to copy the

COMPLAINT

Corresponding Source along with the object code. If the place to copy the object code is a network server, the Corresponding Source may be on a different server (operated by you or a third party) that supports equivalent copying facilities, provided you maintain clear directions next to the object code saying where to find the Corresponding Source. Regardless of what server hosts the Corresponding Source, you remain obligated to ensure that it is available for as long as needed to satisfy these requirements.

e) Convey the object code using peer-to-peer transmission, provided you inform other peers where the object code and Corresponding Source of the work are being offered to the general public at no charge under subsection 6d.

25. Hancom never distributed Hangul or Hancom Office with the accompanying source code while the software incorporated Ghostscript. Hancom thus failed to comply with and breached its license to use and distribute Ghostscript under the GNU GPL.

26. Artifex has expended and will expend a significant amount of its own resources to enforce Hancom's contractual obligations under the GNU GPL, including the costs incurred in filing this Complaint and the future costs associated with litigating Artifex's claims. Hancom, furthermore, has been unjustly enriched at the expense of Artifex by charging a license fee for and profiting from the sale of Hangul and Hancom Office in breach of the GNU GPL.

27. The GNU GPL expressly states that any use of a product licensed thereunder or a work containing or derived from that product that does not comply with the requirements of the GNU GPL immediately terminates the licensee's right to use that product. The GNU GPL provides at Section 8:

You may not propagate or modify a covered work except as expressly provided under this License. Any attempt otherwise to propagate or modify it is void, and will automatically terminate your rights under this License (including any patent licenses granted under the third paragraph of section 11).

28. Hancom's failure to distribute source code along with the software constitutes breach of the requirements set forth in the GNU GPL and identified above. Hancom's right to copy or distribute Ghostscript was terminated upon these acts.

**Artifex's Copyright in Ghostscript**

29. Ghostscript contains a substantial amount of original material that is copyrightable pursuant to 17 U.S.C. §102. Artifex has complied in all respects with the Copyright Act of 1976,

17 U.S.C. §§ 101 *et seq*. and all other laws governing copyright, and has obtained from the Registrar of Copyrights Certificate of Registration No. TX 6-854-034 for Ghostscript version 8.54 and all previous versions.  A true and correct copy of this Certificate of Registration is attached hereto as **Exhibit 2**.  Artifex filed on December 5, 2016 an application to register with the United States Copyright Office Ghostscript version 8.71.  A true and correct copy of that application is attached hereto as **Exhibit 3**.

30. Artifex has placed copyright notices on all copies of Ghostscript version 8.54 and version 8.71 that it has produced and licensed.  Any copies of the programs published by Artifex or under Artifex's authority or license have been published in strict conformity with the provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., and all other laws governing copyright.

31. As set forth above, Hancom failed to comply with the terms of the GNU GPL such that Hancom used and distributed Ghostscript without authorization under the GNU GPL or any other agreement.  Hancom, therefore, copied and distributed Ghostscript without the authorization of Artifex.  Such activity constitutes infringement of Artifex's copyright in Ghostscript as well as a substantial, irreparable harm upon Artifex in an amount that is presently unknown but exceeds $75,000.

**FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

**(GNU General Public License)**

32. Artifex realleges and incorporates by reference each and every allegation set forth in paragraphs 1-31, inclusive.

33. Artifex has performed each of the conditions, covenants, and obligations imposed on it by the terms of the GNU GPL with Hancom.

34. Artifex granted Hancom a license to copy and distribute Ghostscript under the GNU GPL.  By Hancom's actions as set forth hereinabove, Hancom has substantially and materially breached the GNU GPL at least by failing to provide the source code of Hangul and

COMPLAINT

1    Hancom Office to each licensee or a written offer to provide a copy of the source code upon the

2    request of each licensee.

3         35. As a direct and proximate result of these material breaches by Hancom, Artifex is

4    entitled to an injunction requiring Hancom to distribute to each licensee of Hangul and Hancom

5    Office the complete corresponding source code for those products.

6         36. Artifex is further entitled to recover from Hancom the damages Artifex has

7    sustained, including consequential damages, for Artifex's costs in enforcing the GNU GPL.  The

8    amounts cannot be determined at this time.  Artifex is also entitled to recover as restitution from

9    Hancom any unjust enrichment, including any gains, profits, and advantages that Hancom has

10   obtained as a result of its breach of the GNU GPL.  The amount of such unjust enrichment cannot

11   be determined at this time but exceeds $75,000 based on the reasonable royalty rates under which

12   Artifex commercially licenses Ghostscript.

13                              **SECOND CLAIM FOR RELIEF**

14                              **COPYRIGHT INFRINGEMENT**

15                              **(17 U.S.C. § 101 *et seq.*)**

16        37. Artifex realleges and incorporates by reference each and every allegation set forth

17   in paragraphs 1-36, inclusive.

18        38. Before initiating this action, Artifex registered version 8.54 of Ghostscript with the

19   United States Copyright Office on July 29, 2008, under Registration No. TX 6-854-034.

20        39. Before initiating this action. Artifex also filed an application with the United States

21   Copyright Office on December 5, 2016 to register version 8.71 of Ghostscript.

22        40. Through the actions complained of herein, Hancom has infringed and will

23   continue to infringe Artifex's copyright in and relating to any version of Ghostscript that Hancom

24   used under the GNU GPL, including version 8.54 and version 8.71, or derivative works thereof,

25   by producing, distributing, and placing upon the market Hangul, Hancom Office, or portions

26   thereof which were copied from Artifex's copyrighted software.

27        41. During all relevant time periods, Hancom has lacked any valid license to shield its

28   infringing conduct.

COMPLAINT

42. Artifex is entitled to an injunction restraining Hancom, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such acts of reproduction or distribution in violation of federal copyright law.

43. Artifex is entitled to recover from Hancom the damages Artifex has sustained and will sustain as a result of Hancom's wrongful acts as alleged herein.  Artifex is further entitled to recover from Hancom the gains, profits, and advantages Hancom has obtained as a result of its wrongful acts.  The full extent of Artifex's damages and the gains, profits, and advantages Hancom has obtained by reason of its aforesaid acts of copyright infringement cannot be determined at this time, but will be proven at trial.

**PRAYER FOR RELIEF**

Artifex prays for judgment against Hancom as follows:

1. For permanent injunctive relief, including an order restraining and enjoining Hancom from further infringement of Artifex's copyright, specifically:

   a. that Hancom, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, and each of them, be enjoined from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any version of Ghostscript licensed to Hancom under the GNU GPL and any works derived or copied from any such version of Ghostscript or to participate or assist in any such activity;

   b. that Hancom, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Artifex's copyright in Ghostscript;

   c. that Hancom, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined to return to

COMPLAINT

Artifex any originals, copies, facsimiles, or duplicates of any version of Ghostscript licensed to Hancom under the GNU GPL, any works derived or copied from Ghostscript in their possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

d. that Hancom be enjoined to recall from all distributors, wholesalers, dealers, retailers, non-Artifex-licensed customers and distributors, and all others known to Hancom any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any Artifex copyright;

e. that Hancom be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any version of Ghostscript licensed to Hancom under the GNU GPL, any works derived or copied from any such version of Ghostscript in its possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

f. That Hancom distribute to each licensee of Hangul and Hancom Office the complete corresponding source code for the products in accordance with the GNU GPL;

2. For compensatory damages against Hancom, including any consequential damages, in an amount to be determined at trial;

3. For statutory damages against Hancom in an amount to be determined at trial;

4. For an accounting of all gains, profits, and advantages derived by Hancom from its infringement and for its other violations of law;

5. For all profits and advantages derived by Hancom from its infringement and for its other violations of law to be deemed to be in constructive trust for the benefit of Artifex;

6. For restitution, unjust enrichment, and compensatory damages according to proof at trial;

7. For exemplary damages;

COMPLAINT

8. For attorneys' fees and costs of suit incurred herein; and

9. That the Court grant such other, further, and different relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Artifex demands a jury trial on all issues so triable.


Dated:  December 5, 2016

                                        DARIN W. SNYDER
                                        JESSE J. KOEHLER
                                        O'MELVENY & MYERS LLP


                                        By:    */s/ Darin W. Snyder*
                                                        Darin W. Snyder

                                        Attorneys for Plaintiff
                                        Artifex Software, Inc.

COMPLAINT