1  L. KIERAN KIECKHEFER
   kkieckhefer@mwe.com
2  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
3  Menlo Park, CA  94025-4004
   Telephone:    +1-650-815-7400
4  Facsimile:    +1-650-815-7401

5  JOHN J. DABNEY (*pro hac vice* application pending*)*
   jdabney@mwe.com
6  MARY D. HALLERMAN (*pro hac vice* application pending)
   mhallerman@mwe.com
7  McDERMOTT WILL & EMERY LLP
   500 North Capitol Street NW
8  Washington, D.C. 20001
   Telephone:    +202-756-8000
9  Facsimile:    +202-756-8087

10 Attorneys for Defendant
   HANCOM, INC.

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 ARTIFEX SOFTWARE, INC.,              CASE NO.  3:16-cv-06982-JSC

17              Plaintiff,              **DEFENDANT HANCOM, INC.'S NOTICE**
                                        **OF MOTION AND MOTION TO DISMISS**
18        v.                            **FOR FAILURE TO STATE A CLAIM**

19 HANCOM, INC.,                        Date:      April 27, 2017
                                        Time:      9:00 a.m.
20              Defendant.              Judge:     Hon. Jacqueline Scott Corley
                                        Dept.:     Ctrm F, 15th Floor
21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 27, 2017, at 9:00am or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jacqueline Scott Corley, San Francisco Courthouse, Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Hancom, Inc. ("Hancom") will and does hereby move this Court for an order dismissing certain claims set forth in the Complaint filed by Plaintiff Artifex Software, Inc. ("Artifex") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically, Hancom moves to dismiss Artifex's claim for breach of contract (Count 1) in its entirety and Artifex's copyright infringement claim (Count 2) to the extent it applies to any alleged extraterritorial acts of infringement. Hancom also moves to strike portions of Artifex's prayer for relief.

This motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, Artifex's Complaint and exhibits attached thereto, and all matters of which the Court may take judicial notice. A proposed order is included with this motion.

Dated: March 14, 2017

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:*/s/ L. Kieran Kieckhefer*
　　L. KIERAN KIECKHEFER

Attorneys for Defendant
HANCOM, INC.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ............................................................................................. 1

II.    ARTIFEX'S ALLEGATIONS AGAINST HANCOM ..................................... 1

III.   LEGAL STANDARD ..................................................................................... 2

IV.    ARTIFEX'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED WITH
       PREJUDICE .................................................................................................... 3

       A.    Artifex Has Failed to Allege a Claim for Breach of Contract ............... 3

             1.    Artifex Has Failed To Allege The Existence Of A Contract With
                   Hancom ...................................................................................... 3

             2.    Artifex Has Failed To Allege Damage Caused By Hancom's
                   "Breach" ..................................................................................... 5

       B.    Artifex's Contract Claim is Preempted by Copyright Law ................... 5

       C.    The Court Should Strike Portions of Artifex's Prayer For Relief .......... 7

             1.    Artifex's Request for Specific Performance Fails Because It Has
                   Failed to Allege That Legal Remedies are Inadequate and There is
                   No Contract Currently in Force .................................................. 7

             2.    Artifex's Request for Restitution of Hancom's "Gains, Profits, and
                   Advantages" Fails Because It Would Put Artifex in a Better
                   Position Than If Hancom Had Not Allegedly Breached the GPL ............. 8

             3.    Artifex Failed to Plead Consequential Damages with the Required
                   Specificity ................................................................................. 9

             4.    Artifex Cannot Recover Exemplary Damages as a Matter of Law ............ 9

V.     ARTIFEX'S COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED
       IN PART ......................................................................................................... 10

       A.    Artifex Cannot State a Claim for Copyright Infringement for
             Extraterritorial Acts of Alleged Infringement by Hancom ................... 10

       B.    The Court Should Strike Portions of Artifex's Prayer for Relief .......... 12

             1.    Artifex's Claim For Statutory Damages And Attorneys' Fees With
                   Respect To Ghostscript Version 8.71 Must Be Stricken ................. 13

             2.    Artifex's Claim For Exemplary Damages For Its Copyright Claim
                   Must Be Stricken ...................................................................... 13

VI.    CONCLUSION .............................................................................................. 13

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Allarcom v. General Instrument Corp.*,
5          69 F.3d 381 (9th Cir. 1995)..........................................................................................11

6

*Artifex Software, Inc. v. Diebold, Inc.*,
7          Case No. 3:08cv4837 (N.D. Cal. filed October 22, 2008) .......................................5, 9

8

*Artifex Software, Inc. v. Palm, Inc.*,
          Case No. 5:09cv5679 (N.D. Cal. filed Dec. 2, 2009) ..................................................5

9

*Ashcroft v. Iqbal*,
10          556 U.S. 662 (2009) ......................................................................................................2

11

*Bell Atl. Corp v. Twombly*,
          550 U.S. 544 (2007) ...................................................................................................2, 3

12

*Cantu v. SAC Int'l Steel, Inc.*,
13          Case No. 2010 U.S. Dist. LEXIS 91383 (S.D. Cal. Sept. 2, 2010)..............................9

14

*Colonial Life & Accident Ins. Co. v. Stentorians-L.A. County Black Fire Fighters, et al.*,
15          Case No. 2:13-cv-9235, 2014 U.S. Dist. LEXIS 26429 (N.D. Cal. Feb. 24,
16          2014) .............................................................................................................................8

17

*Conservation Force v. Salazar*,
          646 F.3d 1240 (9th Cir. 2011)......................................................................................2
18

19

*Del Madera Props. v. Rhodes & Gardner*,
          820 F.2d 973 (9th Cir. 1987)........................................................................................6

20

*Fari Holdings, Ltd. v. Info-Drive Software, Inc.*,
21          No. C13-02053, 2013 U.S. Dist. LEXIS 154313 (N.D. Cal. Oct. 28, 2013) ..............9

22

*Fire Ins. Ass'n v. Wickham*,
          141 U.S. 564 (1891) ......................................................................................................5
23

24

*Fun-DaMental Too, Ltd. v. Gemmy Industries Corp.*,
          41 U.S.P.Q.2d 1427 (S.D.N.Y. 1996) .........................................................................12

25

*G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*,
26          958 F.2d 896 (9th Cir. 1992).........................................................................................5

27

*In re Gilead Scis. Sec. Litig.*,
          536 F.3 1049, 1055 (9th Cir. 2008)..............................................................................3

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

**TABLE OF AUTHORITIES
CONTINUED**

**Page(s)**

**Cases**

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d at 1055................................................................................................4

*Image UK, Ltd. v. Lutvak*,
  773 F. Supp. 2d 419 (S.D.N.Y. 2011)...............................................................7

*Jacobsen v. Katzer*,
  609 F. Supp. 2d 925 (N.D. Cal. 2009) ...........................................................5, 7

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005)...........................................................................3

*Litecubes, LLC v. N. Light Prods.*,
  523 F.3d 1353 (Fed. Cir. 2008).......................................................................10

*Lopez v. Charles Schwab & Co.*,
  118 Cal. App. 4th 1224 (2004)..........................................................................3

*Los Angeles News Service v. Reuters*,
  149 F.3d 987 (9th Cir. 1998)...........................................................................11

*LTVN Holdings, LLC v. Odeh*,
  Civil Action No. CCB-09-789, 2010 U.S. Dist. LEXIS 63164 (D. Md. June 25,
  2010) ...................................................................................................................7

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2001)...........................................................................10

*Martin v. Walt Disney Internet Group*,
  96 U.S.P.Q.2D (BNA) 1389 (S.D. Cal. June 30, 2010)..................................13

*Massacre v. Davies*,
  Case No. 13-cv-4005, 2014 U.S. Dist. LEXIS 114787 (N.D. Cal. Aug. 18,
  2014) .................................................................................................................13

*Music Sales, Ltd. v. Charles Dumont & Son, Inc.*,
  800 F. Supp. 2d 653 (D.N.J. 2009) .................................................................11

*New Name, Inc. v. The Walt Disney Co.*,
  No. CV 07-5034, 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) ......................11

*Oasis West Realty LLC v. Goldman*,
  51 Cal. 4th 811, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011) .......................3

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

**TABLE OF AUTHORITIES**
**CONTINUED**

2

3
**Page(s)**

4
**Cases**

5
*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
    Case No. 16-cv-00253-WHO, 2016 U.S. Dist. LEXIS 61951 (N.D. Cal. May 9,

6
    2016) ...........................................................................................................................12

7
*Rundquist v. Vapiano SE*,
    798 F. Supp. 2d 102 (D.D.C. 2011) ...........................................................................12

8

9
*Russell v. Union Oil Co.*,
    7 Cal. App. 3d 110 (2d Dist. 1970) ..............................................................................4

10

*Specht v. Netscape Communications Corp.*,

11
    150 F. Supp. 2d 585 (S.D.N.Y. 2001), *aff'd* 306 F.3d 17 (2d Cir. 2002) ...................3

12
*Subafilms v. MGM-Pathe Communications Co.*,
    24 F.3d 1088 (9th Cir. 1994).....................................................................................10

13

*Synopsys, Inc. v. Atoptech, Inc.*,

14
    Case No. C. 13-2965, 2013 U.S. Dist. LEXIS 153089 (N.D. Cal. Oct. 24,

15
    2013) .............................................................................................................................5

16
**Statutes**

17
17 U.S.C. §§ 101,102(a) ...................................................................................................6

18
17 U.S.C. § 106(1)-(3) ....................................................................................................11

19
17 U.S.C. §§ 106(1), 106(3) ..............................................................................................6

20
17 U.S.C. § 106 and (2) ...................................................................................................11

21
17 U.S.C. § 301 .................................................................................................................5

22
17 U.S.C. § 412(2) ...........................................................................................................13

23
17 U.S.C. § 504 ...............................................................................................................13

24
Cal. Civ. Code § 1550 .......................................................................................................3

25
Cal. Civ. Code § 1556 .......................................................................................................4

26
Cal. Civ. Code § 3294 .......................................................................................................9

27
Cal. Civ. Code § 3358 .......................................................................................................9

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

1

**TABLE OF AUTHORITIES
CONTINUED**

2

3                                                                                            **Page(s)**

4      **Other Authorities**

5      Fed. R. Civ. P. 9(g) ........................................................................................................9

6      Fed. R. Evid. 201 ..........................................................................................................5

7      Federal Rules of Civil Procedure Rule 12(b)(6) ....................................................1, 13

8      Local Rule 7-2...............................................................................................................1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

## I.    INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Civil Local Rule 7-2, Hancom respectfully moves for dismissal of Artifex's contract claim in its entirety and for dismissal of Artifex's copyright infringement claim to the extent it seeks to hold Hancom liable for any allegedly infringing conduct other than Hancom's distribution of allegedly infringing software in the United States.

Artifex's failed contract claim is based upon Hancom's alleged breach of the GNU General Public License Version 3 ("GPL"), an open-source license for which Artifex fails to allege facts sufficient to show that the GPL was a contract between Artifex and Hancom or that Hancom's alleged breach caused harm to Artifex. Artifex's contract claim also fails because it is preempted by copyright law.

Artifex's copyright infringement claim also must be dismissed in part. Artifex has failed to allege any predicate act of infringement that Hancom committed within the United States and is thus not entitled to recover damages based on Hancom's allegedly infringing acts occurring outside of the United States.

With respect to both claims, Artifex has failed to allege facts sufficient to show that it is entitled to certain forms of monetary and injunctive relief. Hancom's Motion to Dismiss must be granted.

## II.    ARTIFEX'S ALLEGATIONS AGAINST HANCOM

Artifex's Complaint arises out of Hancom's alleged infringing use of Artifex's computer program known as Ghostscript. (Compl. ¶¶ 2-3.)  Ghostscript interprets page description language ("PDL") files—such as PDF files—and enables the display of those files on a computer screen or for printing. (*Id.* ¶¶ 14-15.) Artifex alleges that Hancom included Ghostscript in Hancom's Hangul and Hancom Office word processing software. (*Id.* ¶¶ 2-3.) Artifex licenses Ghostscript under various licenses. (*Id.* ¶ 17.) Users who satisfy certain open-source licensing requirements may receive a "conditional open source license" known as the GPL, a license drafted by the Free Software Foundation. (*Id.* ¶¶ 1, 18; Compl. Exhibit 1 at 1.)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Hancom is located in South Korea. (Compl. ¶ 7.) Artifex alleges that Hancom "consented to the terms of the GPL" because Hancom "used and distributed Ghostscript without a commercial license." (*Id.* ¶ 21.) The GPL states that an individual is "not required to accept this License in order to receive or run a copy of the program. . . [b]ut nothing other than this License grants [an individual] permission to propagate or modify any covered work. These actions infringe copyright if you do not accept this License." (Compl. Exhibit 1 at 9 (§ 9).)

The GPL imposes certain conditions on the distribution of certain works subject to the GPL—namely, that the source code for a program must be made available to all users. (*Id.* at 3, 5-6 ("You may convey a covered work . . . provided that you also convey the machine-readable Corresponding Source [code] under the terms of this License, in one of these ways . . . .").) Artifex alleges that Hancom did not comply with this condition. (Compl. ¶¶ 22-23 & Exhibit 1 thereto at 5.) Under the GPL, an individual may not "propagate or modify a covered work except as expressly provided under this License.  Any attempt otherwise to propagate or modify it is void, and will automatically terminate [an individual's] rights under this License[.]" (*Id.* ¶ 27 and Exhibit 1 thereto at 6.)

Artifex asserts two claims for breach of contract and copyright infringement. (Compl. ¶¶ 32-43.) These claims fail for the reasons set forth below.

## III.    LEGAL STANDARD

The Court must dismiss Artifex's claims if "there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Though the Court generally must accept as true all factual allegations in the Complaint and all reasonable inferences drawn therefrom, *see Twombly*, 550 U.S. at 678, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3 1049, 1055 (9th Cir. 2008). The Court may also disregard allegations which contradict documents attached to the complaint or are incorporated by reference. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## IV.   ARTIFEX'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED WITH PREJUDICE

Artifex's claim for breach of the GPL fails for several reasons. First, Artifex has failed to allege sufficient facts for this claim. *See infra* Part IV.A. Second, Artifex's claim is preempted by copyright law. *See infra* Part IV.B. Artifex also seeks injunctive and monetary relief that, based on the allegations of the Complaint, is improper and must be stricken. *See infra* Part IV.C.

### A.   Artifex Has Failed to Allege a Claim for Breach of Contract

To state a claim for breach of the GPL, Artifex must allege facts sufficient to show, among other things, the existence of a contract with Hancom, and resulting damages to Artifex caused by Hancom's alleged breach.[1] *See, e.g., Oasis West Realty LLC v. Goldman,* 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P.3d 1115 (2011). Artifex has failed to allege facts sufficient to show these two elements of its contract claim.

#### 1.   Artifex Has Failed To Allege The Existence Of A Contract With Hancom

To adequately plead the existence of a contract, Artifex must allege facts sufficient to show an offer by Artifex, an acceptance by Hancom, and consideration. *See, e.g.*, *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (2004). An essential element of a contract is mutual assent—an offer communicated to the offeree and an acceptance communicated to the offeror. *See* Cal. Civ. Code § 1550. "The case law on software licensing has not eroded the importance of assent in contract formation." *Specht v. Netscape Communications Corp.*, 150 F. Supp. 2d 585, 596 (S.D.N.Y. 2001), *aff'd* 306 F.3d 17 (2d Cir. 2002).

---

[1] Artifex brings this claim under California law. (*See* Compl. ¶¶ 8, 10.)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Artifex's Complaint fails to sufficiently allege mutual assent. There are no allegations concerning an offer made by Artifex to Hancom. Nor has Artifex plausibly alleged Hancom's acceptance of an offer. Artifex conclusorily alleges that Hancom consented to the GPL simply "because [Hancom] used and distributed Ghostscript without a commercial license with Artifex." (Compl. ¶ 21.) But the allegation that Hancom did not enter into a commercial license with Artifex does not mean that Hancom accepted the GPL. Indeed, Artifex's assertion of a copyright claim (*see infra* Part IV.B.) affirmatively refutes the existence of a contract because the GPL states any distribution of Ghostscript "infringe[s] copyright **if [an individual] does not accept** this license." (Compl. Exhibit 1 at 9 (§ 9) (emphasis added).) The allegation concerning Hancom's consent to the GPL is an "unwarranted deduction of fact," *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055, and refuted by Artifex's assertion of a copyright claim coupled with the language of the GPL itself.

Further, to form a valid contract, assent by the offeree must be communicated to the offeror. *See* Cal. Civ. Code § 1556 ("The consent of parties to a contract must be . . . communicated by each to the other."); *Russell v. Union Oil Co.*, 7 Cal. App. 3d 110 (2d Dist. 1970) (acceptance by conduct "must be expressed or communicated by the offeree to the offeror"). The Complaint fails to allege that Hancom communicated its acceptance of the GPL as a contract with Artifex, let alone that Artifex was aware of such an acceptance. Indeed, Artifex alleges that, while Hancom has distributed its Hangul and Hancom Office software incorporating Ghostscript since at least 2013, it only "**recently discovered** that Hancom used and incorporated GhostScript into its Hangul software." (Compl. ¶ 2 (emphasis added).)

Artifex also fails to allege facts sufficient to show consideration with respect to the GPL—no allegations that a benefit was conferred upon Artifex and no allegations that detriment was suffered by Hancom. *See* Cal Civ. Code. § 1605. As the Supreme Court has held,

> To constitute a valid agreement **there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one**. The mere presence of some incident to a contract which might under certain circumstances be upheld as a consideration for a promise, does not necessarily make it the consideration for the promise in that contract. To give it that effect **it**

- 4 -

**must have been offered by one party and accepted by the other as one element of the contract**.

*Fire Ins. Ass'n v. Wickham*, 141 U.S. 564, 579 (1891) (emphasis added). Artifex's claim for breach of contract must be dismissed with prejudice. [2]

### 2.    Artifex Has Failed To Allege Damage Caused By Hancom's "Breach"

Artifex's Complaint also fails to allege facts sufficient to show that Artifex was damaged as a result of Hancom's alleged breach of the GPL. Artifex simply proclaims it is "entitled to recover from Hancom the damages Artifex sustained." (Compl. ¶ 36.)  Such a conclusory allegation fails to identify what those damages are, let alone how Hancom's alleged breach— failure to provide to the public the source code for its Hangul and Hancom Office programs— proximately caused those damages. *See, e.g.*, *Synopsys, Inc. v. Atoptech, Inc.*, Case No. C. 13-2965, 2013 U.S. Dist. LEXIS 153089, at *41-42 (N.D. Cal. Oct. 24, 2013) (dismissing contract claim); *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 932 (N.D. Cal. 2009) (same—plaintiff merely alleged that it had been "harmed").

Because Artifex has failed to allege sufficient facts to state a claim for breach of contract, that claim must be dismissed.

### B.    Artifex's Contract Claim is Preempted by Copyright Law

Artifex's contract claim also fails because it is preempted by copyright law. The Copyright Act states that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title." 17 U.S.C. § 301. Preemption of overlapping state law claims is "explicit and broad." *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 904 (9th Cir. 1992).

---

[2] Artifex appears to have previously recognized that it had no grounds for a breach of contract claim based on the GPL.  In two cases concerning the GPL, Artifex—represented by the same counsel here—asserted only a copyright infringement claim.  *See* Complaint, *Artifex Software, Inc. v. Diebold, Inc.*, Case No. 3:08cv4837 (N.D. Cal. filed October 22, 2008); Complaint, *Artifex Software, Inc. v. Palm, Inc.*, Case No. 5:09cv5679 (N.D. Cal. filed Dec. 2, 2009). The Court may take judicial notice of these pleadings.  *See* Fed. R. Evid. 201.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

To determine if Artifex's contract claim is preempted, the Court conducts a two-step analysis: (1) whether the claim covers subject matter protected by copyright law, and (2) whether the rights granted under state law are equivalent to any of the exclusive rights granted under the Copyright Act. *See, e.g.*, *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 976 (9th Cir. 1987). Here, the first step of the copyright preemption test is plainly met: computer programs are subject to copyright protection. *See* 17 U.S.C. §§ 101,102(a).

The second step of the preemption analysis focuses on whether there is an "extra" element to a state law claim. *Del Madera Props.*, 820 F.2d at 977. Artifex alleges that Hancom breached Section 6 of GPL because Hancom failed to distribute its source code with its Hangul and Hancom Office software programs despite the fact that those products included Ghostscript. (Compl. ¶ 25.)

Section 6 of the GPL is a condition for receiving a license from Artifex for distributing a work that contains Ghostscript; it is not an "extra" contractual promise.[3] (Compl. Exhibit 1 at 3 ("The terms and **conditions** for copying, distribution, and modification follow . . ." (emphasis added)); *see also* Compl. ¶ 22 (alleging Hancom "did not comply with the **conditions** imposed by the GNU GPL" (emphasis added)).) The GPL permits distribution of a work that incorporates Ghostscript "provided that" the source code for that work is distributed as well. (Compl. Exhibit 1 at 6 (§§ 4-6).) If the source code is not distributed, a user does not have permission to distribute Ghostscript and thus Artifex may sue for copyright infringement (as it did here). (*Id.* at 9 (§ 9) ("[N]othing other than this License grants you permission to propagate or modify any covered work. These actions **infringe copyright** if you do not accept this license." (emphasis added)).)

In other words, because Hancom allegedly failed to distribute source code for Hangul and Hancom Office, Artifex alleges that Hancom never had Artifex's permission to copy and distribute those products containing Ghostscript. (Compl. ¶ 34 (alleging that "Hancom failed to

---

[3] Mr. Eben Moglen, the lead drafter of the GPL, has repeatedly described the GPL in this way. *See* Software Freedom Law Center, Software Freedom Law Center Guide to GPL Compliance (2d. ed. 2014), *available at* https://softwarefreedom.org/resources/2014/SFLC-Guide_to_GPL_Compliance_2d_ed.html#license-provisions-analyzed ("The [GPL is a license] in the common law sense: unilateral copyright permissions within limits.").

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

comply with the terms of the [GPL] such that Hancom used and distributed Ghostscript without [Artifex's] authorization").) Artifex's rights to copy and distribute Ghostscript are protected by copyright law. *See* 17 U.S.C. §§ 106(1), 106(3). "[I]f a contract seeks to enforce only rights that copyright law itself accords plaintiff, then the contract claim should be held pre-empted." 3 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 19D.03 (Matthew Bender, Rev. Ed.). As the leading copyright treatise states:

> If the [licensee's] violation consists of a failure to satisfy a condition to the grant, it follows that the rights dependent on the satisfaction of that condition have not been effectively granted, rendering any use by the [licensee] without authority from the [licensor]. The legal consequence is that the licensee's conduct may constitute **copyright infringement**.

3 Nimmer on Copyright § 10.15 (emphasis added).

Artifex's contract claim is preempted by copyright law and must be dismissed with prejudice. *See, e.g.*, *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 933 (N.D. Cal. 2009) (dismissing contract claim due to copyright preemption where claim was based on failure to comply with conditions of license); *Canal + Image UK, Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 446 (S.D.N.Y. 2011) (same); *LTVN Holdings, LLC v. Odeh*, Civil Action No. CCB-09-789, 2010 U.S. Dist. LEXIS 63164, at *14-15 (D. Md. June 25, 2010) (same).

**C.    The Court Should Strike Portions of Artifex's Prayer For Relief**

If the Court does not dismiss the contract claim in full, the Court, at a minimum, should strike portions of Artifex's requested relief for that claim. Artifex seeks to force Hancom to make available the source code for its Hangul and Hancom Office computer programs, a remedy that is unavailable because any "contract" between Artifex and Hancom is no longer in force. Artifex has also included a laundry list of monetary damages in its Complaint, several of which must be stricken.

**1.    Artifex's Request for Specific Performance Fails Because It Has Failed to Allege That Legal Remedies are Inadequate and There is No Contract Currently in Force**

Artifex seeks an expansive injunction against Hancom, including requiring Hancom "to distribute to each licensee of Hangul and Hancom Office the complete corresponding source code

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

for the products in accordance with the [GPL]." (Compl. Prayer for Relief ¶ 1(f).) In other words, Artifex is attempting to force Hancom to disclose its own source code for Hangul and Hancom Office, not just Ghostscript. Artifex's requested relief fails for two reasons.

First, Artifex has failed to allege that it is entitled to the extraordinary remedy of specific performance. "To establish a basis for obtaining specific performance, a plaintiff must allege that the available legal remedies are inadequate[.]" *Colonial Life & Accident Ins. Co. v. Stentorians-L.A. County Black Fire Fighters, et al.*, Case No. 2:13-cv-9235, 2014 U.S. Dist. LEXIS 26429, at *22-23 (N.D. Cal. Feb. 24, 2014) (quotation omitted). Recognizing that Hancom no longer allegedly uses Ghostscript in its Hangul and Hancom Office software (*see* Compl. ¶¶ 20, 25), Artifex cannot and does not allege that the substantial monetary remedies that it seeks are insufficient. Because Artifex failed to allege this requirement for an award of specific performance, Artifex's requested relief should be stricken.

Second, Artifex alleges that the GPL has been terminated pursuant to Section 9 and thus is not presently in force. (*See* Compl. ¶¶ 2, 22, 27, 31, 41.) Because the alleged "contract" is not presently in force, specific performance is not available as a matter of law. "Termination of a contract eliminates the parties' right to seek the contract's specific performance." *Colonial Life & Accident Ins. Co.*, 2014 U.S. Dist. LEXIS 26429, at *23 (dismissing claim for specific performance) (quoting *Hollypark Realty Co. v .MacLoane*, 163 Cal. App. 549, 552, 329 P.2d 532 (1958)).

### 2.    Artifex's Request for Restitution of Hancom's "Gains, Profits, and Advantages" Fails Because It Would Put Artifex in a Better Position Than If Hancom Had Not Allegedly Breached the GPL

Artifex also seeks to "recover as restitution from Hancom any unjust enrichment, including any gains, profits, and advantages that Hancom has obtained as a result of its breach of the [GPL]." (Compl. ¶ 36, *id.* Prayer for Relief ¶ 6; *see also id.* ¶ 26 ("Hancom . . . has been unjustly enriched at the expense of Artifex by charging a license fee for and profiting from the sale of Hangul and Hancom Office in breach of the GNU GPL.").) But Artifex would not be entitled to Hancom's "gains, profits, or advantages" had Hancom *not* "breached" the GPL as Artifex contends. The Preamble of the GPL clearly states: "When we speak of free software, we

are referring to freedom, not price. Our General Public Licenses are designed to make sure you have the freedom to distribute copies of free software (**and charge for them if you wish**) . . . ." (*Id.* Exhibit 1 at 1 (emphasis added).) Nothing in the GPL requires Hancom to pay Artifex anything. (*See generally* Exhibit 1.)

California law mandates that "no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides." Cal. Civ. Code § 3358; *see also* 12 Joseph M. Perillo, Corbin on Contracts § 61.5 (Matthew Bender) ("[I]n enforcing restitution, the purpose is to require the wrongdoer to restore the status quo ante and thus tend to put the injured party in as good a position as that occupied by that party before the contract was made.").  Because any restitution for "gain, profits and advantages" for Hancom's alleged breach of the GPL would put Artifex in a significantly better position and serve to unjustly enrich *Artifex*, Artifex's requested relief must be stricken.

### 3.    Artifex Failed to Plead Consequential Damages with the Required Specificity

Artifex also seeks "consequential damages, in an amount to be determined at trial." (Compl. ¶ 2, *see also id.* ¶ 36.) Special damages, such as consequential damages, must be pled with specificity. *See* Fed. R. Civ. P. 9(g) ("If an item of special damages is claimed, it must be specifically stated."). Artifex has failed to meet that pleading standard and that portion of its prayer for relief, too, must be stricken.  *See, e.g.*, *Cantu v. SAC Int'l Steel, Inc.*, Case No. 2010 U.S. Dist. LEXIS 91383, at *12-13 (S.D. Cal. Sept. 2, 2010) (striking prayer for relief for consequential damages).

### 4.    Artifex Cannot Recover Exemplary Damages as a Matter of Law

Artifex also seeks "exemplary damages" in its Prayer for Relief.  (Compl. Prayer for Relief ¶ 7.)  Under black-letter California law, exemplary damages are not available for a contract claim. *See* Cal. Civ. Code § 3294 (exemplary damages only permitted "in an action for the breach of an obligation **not arising from contract**" (emphasis added)); *see, e.g.*, *Fari Holdings, Ltd. v. Info-Drive Software, Inc.*, No. C13-02053, 2013 U.S. Dist. LEXIS 154313, at *7-8 (N.D. Cal. Oct. 28, 2013) (dismissing exemplary damages for breach of contract claim).

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## V.    ARTIFEX'S COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED IN PART

For Artifex to state a claim for copyright infringement, Artifex must sufficiently allege that it (1) owns the copyright for the allegedly infringing materials and (2) the defendant violated at least one of the exclusive rights listed in Section 106 of the Copyright Act. *See, e.g.*, *Marder v. Lopez*, 450 F.3d 445, 453 (9th Cir. 2001). Artifex must also sufficiently allege "[w]hether an accused action is within the extraterritorial limitation" of the Copyright Act. *Litecubes, LLC v. N. Light Prods.*, 523 F.3d 1353, 1367 (Fed. Cir. 2008) (holding that "whether an accused action is within the extraterritorial limitation [of the Copyright Act] should be treated as an element of the claim").[4]

Artifex's copyright claim must be dismissed because it fails to state a claim for copyright infringement with respect to alleged acts of infringement occurring entirely outside of the United States. *See infra* Part V.A. Hancom also seeks to strike Artifex's prayer for relief for (1) statutory damages and attorneys' fees based on alleged infringement of Artifex's Ghostscript Version 8.71 and (2) exemplary damages. *See infra* Part V.B.

### A.    <u>Artifex Cannot State a Claim for Copyright Infringement for Extraterritorial Acts of Alleged Infringement by Hancom</u>

As alleged in the Complaint, Hancom is located in South Korea and incorporated Artifex's Ghostscript program into its Hangul and thus Hancom Office software. (Compl. ¶¶ 2, 7.) Artifex asserts that Hancom's unlicensed production and distribution of Hangul software constituted infringement of Artifex's alleged copyright in Ghostscript.  (*Id.* ¶¶ 2, 40-41.)

"[W]holly extraterritorial acts of infringement are not cognizable under the Copyright Act." *Subafilms v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994). Based on the allegations in the Complaint, this Court must dismiss Artifex's copyright infringement

---

[4] Some of the cases cited herein dismissed copyright infringement claims based on lack of subject matter jurisdiction, rather than failure to state a claim.  The reasoning for dismissing extraterritorial claims for lack of subject matter jurisdiction applies equally to dismissal for failure to state a claim on those same grounds.

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

claim to the extent it seeks to hold Hancom liable for any allegedly infringing conduct other than Hancom's distribution of allegedly infringing software in the United States.

Artifex is not "entitled to recover extraterritorial damages unless the damages flowed from extraterritorial exploitation of an infringing act that occurred in the United States." *Los Angeles News Service v. Reuters*, 149 F.3d 987, 992 (9th Cir. 1998) (emphasis added). For Artifex to state a claim for copyright infringement based on Hancom's infringing conduct occurring outside of the United States, Artifex must sufficiently allege that (1) Hancom committed an allegedly infringing act entirely within the United States that violated Artifex's exclusive rights as set forth in 17 U.S.C. § 106 and (2) that the allegedly infringing act enabled infringement outside of the United States.

As the purported copyright holder, Artifex's exclusive rights include the right to reproduce Ghostscript in copies, the right to prepare derivative works based on Ghostscript, and the right to distribute copies of Ghostscript to the public by sale or other transfer of ownership. *See* 17 U.S.C. § 106(1)-(3). There is no allegation in the Complaint that Hancom infringed any of these rights entirely within the United States. *See, e.g.*, *Music Sales, Ltd. v. Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 660 (D.N.J. 2009) (dismissing case, rejecting argument that "any act occurring within the United States that causes the unauthorized use of copyright material abroad is actionable under the Copyright Act"); *see also Allarcom v. General Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) (reversing and rejecting district court's reasoning that "if part of an act of infringement begins in the United States, and is a completed in a foreign jurisdiction, . . . then U.S. copyright law applies").

All that Artifex alleges is that Hancom "incorporated Ghostscript into Hangul, and thus Hancom Office" and "produced, distributed, and placed upon the market Hangul, Hancom Office or portions thereof which were copied from Artifex's copyrighted software," all without a license. (Compl. ¶¶ 9, 40-41.) Construing the allegations and all reasonable inferences in a light most favorable to Artifex, any alleged "incorpora[tion] of Ghostscript" and "produc[tion]" of Hangul and Hancom Office took place in South Korea, where Hancom is based.  (Compl. ¶¶ 7, 19.) *See, e.g.*, *New Name, Inc. v. The Walt Disney Co.*, No. CV 07-5034, 2007 WL 5061697, at *2-4 (C.D.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    Cal. Dec. 3, 2007) (granting 12(b)(6) motion where plaintiff failed to allege any infringing act by

2    Defendant that occurred in the United States).

3        Because Artifex has failed to allege that Hancom committed any infringing act within the

4    United States that enabled further infringement abroad, any infringing conduct by Hancom—

5    including any "distribut[ion]" and "place[ment] upon the market" (Compl. ¶ 40) of Hangul and

6    Hancom Office—that occurred outside of the United States does not violate the Copyright Act.

7    *See, e.g.*, *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 121 (D.D.C. 2011) (dismissing

8    copyright infringement claim where plaintiff "failed to allege with sufficient specificity that [a

9    defendant] committed any infringing acts inside the United States that resulted in" foreign sales);

10   *Fun-DaMental Too, Ltd. v. Gemmy Industries Corp.*, 41 U.S.P.Q.2d 1427, 1431 (S.D.N.Y. 1996)

11   (dismissing claim where plaintiff failed to allege predicate infringing act occurring within the

12   United States). The Court should thus dismiss Count II of Artifex's Complaint with respect to

13   Hancom's extraterritorial acts of alleged infringement, including but not limited to Hancom's sales

14   of Hangul and Hancom Office outside of the United States, with prejudice. *See, e.g.*, *Openwave*

15   *Messaging, Inc. v. Open-Xchange, Inc.*, Case No. 16-cv-00253-WHO, 2016 U.S. Dist. LEXIS

16   61951, at *9-10 (N.D. Cal. May 9, 2016) (dismissing copyright infringement claim).

17        **B.    The Court Should Strike Portions of Artifex's Prayer for Relief**

18        In addition to dismissing Artifex's copyright claim with respect to Hancom's

19   extraterritorial acts of alleged infringement, the Court should strike portions of Artifex's prayer

20   for relief. Artifex seeks statutory damages and attorneys' fees, but is barred from receiving such

21   relief for Hancom's alleged infringement of Ghostscript Version 8.71. *See infra* Part V.B.1.

22   Artifex also seeks exemplary damages, which are unavailable under the Copyright Act. *See infra*

23   Part V.B.2.

24        **1.    Artifex's Claim For Statutory Damages And Attorneys' Fees With
              Respect To Ghostscript Version 8.71 Must Be Stricken**

25

26        Artifex is barred from receiving any statutory damages or attorneys' fees based on

27   Hancom's alleged infringement of Ghostscript Version 8.71. (*See* Compl. Prayer for Relief ¶¶ 3,

28   8.)  The Copyright Act prohibits statutory damages and attorneys' fees "for any infringement of

copyright commenced after the first publication of the work and before the effective date of registration." 17 U.S.C. § 412(2). As alleged in the Complaint, Artifex first published Ghostscript Version 8.71 on February 1, **2010**. (Compl. ¶ 29 & Exhibit 3 (emphasis added).) Artifex alleges that Hancom has infringed Artifex's copyright in Ghostscript "since as early as **2013**." (Compl. ¶ 2 (emphasis added).)  Artifex did not seek to register its Ghostscript Version 8.71 until December 5, **2016**, the same day it filed the Complaint in this case. (Compl. ¶ 29 & Exhibit 3.) Thus, to the extent Artifex seeks to recover statutory damages and attorneys' fees for Hancom's alleged infringement of Ghostscript Version 8.71, that relief must be stricken.  *See, e.g., Massacre v. Davies*, Case No. 13-cv-4005, 2014 U.S. Dist. LEXIS 114787, at *16 (N.D. Cal. Aug. 18, 2014) (dismissing statutory damages and attorney fees under Rule 12(b)(6)); *Martin v. Walt Disney Internet Grou*p, 96 U.S.P.Q.2D (BNA) 1389, 1392-1393 (S.D. Cal. June 30, 2010) (same).

### 2.    Artifex's Claim For Exemplary Damages For Its Copyright Claim Must Be Stricken

Artifex also requests "exemplary damages" in its Complaint.  (*See* Compl. Prayer for Relief ¶ 7.)  But such damages are not recoverable for a copyright claim and Artifex's request for such relief must be stricken.  *See* 17 U.S.C. § 504 (authorizing only actual or statutory damages for copyright infringement); *see, e.g.*, *Massacre v. Newcombe*, Case No. 13-cv-04005, 2014 U.S. Dist. LEXIS 114787, at *16-17 (N.D. Cal. Aug. 18, 2014) (dismissing prayer for punitive damages based on copyright infringement because "punitive damages are not available in statutory copyright infringement cases" (collecting cases)).

### VI.    CONCLUSION

For the foregoing reasons, Hancom respectfully requests that this Court grant its Motion to Dismiss.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: March 14, 2017

Respectfully submitted,

McDERMOTT WILL & EMERY LLP


By:/s/ L. Kieran Kieckhefer
L. KIERAN KIECKHEFER

Attorneys for Defendant
HANCOM, INC.

HANCOM'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK