1  DARIN W. SNYDER (S.B. #136003)
   dsnyder@omm.com
2  JESSE J. KOEHLER (S.B. #300530)
   jkoehler@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, California  94111-3823
   Telephone:   (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Plaintiff
   ARTIFEX SOFTWARE, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO

11

12  ARTIFEX SOFTWARE, INC.,              Case No. 3:16-cv-06982-JSC

13              Plaintiff,               **PLAINTIFF ARTIFEX SOFTWARE, INC.'S OPPOSITION TO DEFENDANT**
14       v.                              **HANCOM, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A**
15  HANCOM, INC.,                        **CLAIM**

16              Defendant.               Date:       April 27, 2017
                                         Time:       9:00 a.m.
17                                       Judge:      Hon. Jacqueline Scott Corley
                                         Courtroom:  Ctrm F, 15th Floor
18

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................... 1
II.  STATEMENT OF FACTS ............................................................................................ 2
     A.   Artifex's Ghostscript Licensing ........................................................................ 2
     B.   The GNU GPL .................................................................................................. 3
     C.   Hancom's Breach of the GNU GPL and Copyright Infringement .......................... 3
III. ARGUMENT .................................................................................................................. 4
     A.   The Complaint Pleads a Valid Claim for Breach of Contract ................................. 4
          1.   Artifex's Breach of Contract Claim Is Adequately Pled ............................ 5
          2.   Artifex's Breach of Contract Claim Is Not Preempted by Federal
               Copyright Law ............................................................................................ 7
     B.   Artifex's Copyright Infringement Claim Is Adequately Pled ................................ 8
     C.   The Court Should Deny Hancom's Premature Requests to Strike Artifex's
          Prayer for Relief ............................................................................................... 11
IV.  CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Allarcom Pay TV, Ltd. v. Gen. Instrument Corp.*,
   69 F.3d 381 (9th Cir. 1995) .................................................................................. 8, 10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 5

*AtPac, Inc. v. Aptitude Sols., Inc.*,
   No. 2:10294 WBS KJM, 2010 WL 1779901 (E.D. Cal. Apr. 28, 2010) ................................. 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 5

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ............................................................................................. 5

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
   217 F. Supp. 2d 1028 (C.D. Cal. 2002) ......................................................................... 11

*Canal+ Image UK, Ltd. v. Lutvak*,
   773 F. Supp. 2d 419 (S.D.N.Y. 2011) ............................................................................. 7

*Colaprico v. Sun Microsystems, Inc.*,
   758 F. Supp. 1335 (N.D. Cal. 1991) ............................................................................... 11

*Colonial Life & Accident Ins. Co. v. Stentorians-L.A. Cty. Black Fire Fighters*,
   No. 2:13-cv-9235-CAS-FFMx, 2014 WL 794571 (C.D. Cal. Feb. 24, 2014) ......................... 13

*Firoozye v. Earthlink Network*,
   153 F. Supp. 2d 1115 (N.D. Cal. 2001) ........................................................................... 7

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
   41 U.S.P.Q.2d 1427 (S.D.N.Y. 1996) ............................................................................. 10

*Hollypark Realty Co. v. MacLoane*,
   163 Cal. App. 2d 549 (1958) ......................................................................................... 13

*Jacobsen v. Katzer*,
   535 F.3d 1373 (Fed. Cir. 2008) ............................................................................ 6, 13, 14

*Jacobsen v. Katzer*,
   609 F. Supp. 2d 925 (N.D. Cal. 2009) .................................................................... 6, 7, 12

*L.A. News Serv. v. Reuters Television Int'l, Ltd.*,
   149 F.3d 987 (9th Cir. 1988) ......................................................................................... 11

*Larsen v. Johannes*,
   7 Cal. App. 3d 491 (1970) ............................................................................................. 13

*LTVN Holdings, LLC v. Odeh*,
   No. CCB-09-789, 2010 WL 2612690 (D. Md. June 25, 2010) ....................................... 7

*Lyons v. Bank of Am., N.A.*,
   No. 11-01232 CW, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011) ................................. 5

# TABLE OF AUTHORITIES
(continued)

**Page**

*MedioStream, Inc. v. Microsoft Corp.*,
   749 F. Supp. 2d 507 (E.D. Tex. 2010) .................................................................. 5, 6, 7

*Morley v. Walker*,
   175 F.3d 756 (9th Cir. 1999) .......................................................................................... 4

*Music Sales Ltd. v. Charles Dumont & Son*,
   800 F. Supp. 2d 653 (D.N.J. 2009) ............................................................................. 10

*New Name, Inc. v. Walt Disney Co.*,
   No. CV 07-5034 PA (RZx), 2007 WL 5061697 (C.D. Cal. Dec. 3, 2007) .............. 10

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
   No. 16-cv-00253, 2016 WL 2621872 (N.D. Cal. May 9, 2016) ............................... 10

*Oracle Corp. v. DrugLogic, Inc.*,
   No. C 11-00910 JCS, 2011 WL 5576267 (N.D. Cal. Nov. 16, 2011) ..................... 12

*Palmer/Kane LLC v. Houghton Mifflin Harcourt Publ'g Co.*,
   No. 13-11030-GAO, 2014 WL 183774 (D. Mass. Jan. 16, 2014) ............................ 9

*Pike v. Von Fleckenstein*,
   203 Cal. App. 2d 134 (1962) ....................................................................................... 13

*Rundquist v. Vapiano SE*,
   798 F. Supp. 2d 102 (D.D.C. 2011) ........................................................................... 10

*Sanchez v. City of Fresno*,
   914 F. Supp. 2d 1079 (E.D. Cal. 2012) ..................................................................... 12

*Selby v. New Line Cinema Corp.*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000) ......................................................................... 7

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
   24 F.3d 1088 (9th Cir. 1994) .................................................................................. 8, 10

*Synopsys, Inc. v. Atoptech, Inc.*,
   No. C. 13-cv-2965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ...................... 6

*Versata Software, Inc. v. Ameriprise Fin., Inc.*,
   No. A-14-CA-12-SS, 2014 WL 950065 (W.D. Tex. Mar. 11, 2014) .................... 7, 8

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ................................................................................ 11, 13

*Yesh Music v. Lakewood Church*,
   No. 4:11-CV-03095, 2012 WL 524187 (S.D. Tex. Feb. 14, 2012) ............................ 9

**STATUTES**

17 U.S.C. § 106 .................................................................................................................. 2, 8

Cal. Civ. Code § 3294 ......................................................................................................... 14

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**RULES**

Fed. R. Civ. P. 12(b) ............................................................................................................. 9

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 11

Fed. R. Civ. P. 12(f) ............................................................................................................ 11

Fed. R. Civ. P. 8(d)(3) .................................................................................................... 8, 12

## I. INTRODUCTION

Hancom, Inc.'s ("Hancom") motion to dismiss and strike portions of Artifex Software, Inc.'s ("Artifex") complaint is nothing more than the latest in a long line of Hancom attempts to avoid the consequences of Hancom's blatant misuse of Artifex's intellectual property. Artifex caught Hancom red-handed using for free Artifex's valuable, industry-leading computer program called Ghostscript. Hancom does not seek dismissal of this action in its entirety; instead, Hancom admits by its motion that Artifex's copyright infringement claim will persist beyond this motion. Because Hancom fails to carry its burden to dismiss or strike portions of Artifex's complaint, this Court should deny the motion.

Hancom has sought to delay this case and Artifex's recovery from the start. Artifex first notified Hancom of its copyright infringement and breach of the GNU General Public License ("GNU GPL") in June 2016. Dkt. No. 12 at 2. Hancom then slow-rolled the discussions seeking to resolve Artifex's claims for nearly six months, and Artifex was forced to file suit on December 5, 2016. *Id.* Despite its familiarity with Artifex's claims, Hancom then tried to negotiate a months-long delay in the schedule and delayed responding to Artifex's request to waive service of the complaint until January 26, 2017. *Id.* at 2-3. Hancom subsequently refused to participate in conferences leading up to the Court's case management conference, necessitating the Court's February 27, 2017 order continuing that conference. Dkt. No. 14. Two weeks later, Hancom filed its motion—its latest attempt to put off the day of reckoning for Hancom's breach and infringement.

Hancom's motion challenging Artifex's breach of contract claim ignores Hancom's representations on its website that it purportedly licensed Ghostscript under the GNU GPL, as well as Artifex's allegations to that effect. Hancom also ignores case law upholding the enforceability of the GNU GPL as a contract under California law and recognizing that consideration is present in open source copyright licensing.

Hancom's invocation of preemption is similarly misguided and directly contradicts Ninth Circuit case law on which Hancom relies. Federal copyright law does not preempt a breach of contract claim premised on possible extraterritorial infringement. Nor does it preempt breach of

1  contract claims centered on a promise, under the GNU GPL, to disclose the source code of
2  derivative software. That "extra" promise is separate and distinct from any right enumerated in
3  17 U.S.C. § 106.
4      Hancom's extraterritoriality argument—sister to its preemption argument—must also fail.
5  Artifex has adequately pled a claim for copyright infringement, something Hancom does not
6  dispute. Hancom instead argues for dismissal of Artifex's copyright claim to the extent it reaches
7  extraterritorial conduct. But limiting Artifex's claim to solely U.S. conduct at the outset of this
8  litigation—and thereby foreclosing Artifex's recovery under the Copyright Act for actions
9  determined during discovery to be predicated on Hancom's infringing acts within the United
10 States—would be improper. The territorial bounds of the Copyright Act are not so narrow.
11 Moreover, any wholly extraterritorial infringing acts will still be actionable under Artifex's
12 contract claim. Hancom's motion is thus nothing but an unnecessary delaying tactic.
13     Finally, Hancom's requests to strike various portions of Artifex's prayer for relief are
14 disfavored and premature. Hancom's requests to strike present factually based arguments that
15 cannot be decided on the pleadings. Such requests must instead be decided on a fuller factual
16 record.
17     For all of these reasons, Hancom's motion to dismiss and strike should be denied.

## II. STATEMENT OF FACTS

### A. Artifex's Ghostscript Licensing

Artifex develops and licenses software products that interpret files written in a page description language ("PDL") such as Adobe Systems Incorporated's ("Adobe") Portable Document Format ("PDF") files. Compl. ¶ 13. One such program is Artifex's Ghostscript, the most widely used PDF interpreter not developed by Adobe itself. *Id.* ¶¶ 15-16. Ghostscript interprets files written in PDF for display on a computer screen or for printing. *Id.* ¶ 15. Artifex has expended substantial resources to continually improve and update Ghostscript and has registered its copyright in Ghostscript.[1] *Id.* ¶¶ 16, 29.

---

[1] Specifically, Artifex has registered Ghostscript version 8.54 (Reg. No. TX 6-584-034) and Ghostscript version 8.71 (Reg. No. TX 8-278-582). *Id.* ¶ 29.

Artifex has implemented a dual licensing structure for Ghostscript: non-commercial users and members of the public willing to comply with certain open source requirements can license Ghostscript under the GNU GPL without paying a fee, and parties seeking to commercially distribute Ghostscript or a product incorporating Ghostscript can license Ghostscript for a fee paid to Artifex. *Id.* ¶¶ 17-18. Under this dual licensing structure, Artifex allows the public to learn from, build on, and help improve the Ghostscript software while also drawing in revenue in instances where a licensee does not want to participate in the knowledge-sharing required by the GNU GPL. *Id.* Artifex is the exclusive commercial licensing agent for Ghostscript. *Id.* ¶ 17.

### B. The GNU GPL

The GNU GPL is a widely used, standardized form of license that grants users great freedom in exchange for certain notice and openness requirements. Under the GNU GPL, Artifex grants any member of the public permission to copy, modify, and distribute Ghostscript and works incorporating Ghostscript subject to certain conditions, including that the licensee (1) include certain GNU GPL license notices in all copies of works comprising or incorporating Ghostscript and (2) distribute, or offer to distribute, source code for all object code distributions of works comprising or incorporating Ghostscript. *Id.* ¶ 24; Dkt. No. 1-1 at 7-8. A licensee accepts Artifex's offer to license Ghostscript under the GNU GPL by modifying or propagating Ghostscript or a work incorporating Ghostscript. Compl. ¶ 21; Dkt. No. 1-1 at 10. If a third party purports to license Ghostscript under the GNU GPL but fails to comply with the conditions imposed by the GNU GPL, the third party's rights to modify and distribute Ghostscript terminate. Compl. ¶ 27; Dkt. No. 1-1 at 9-10. Thereafter, any further modification or distribution of Ghostscript or a work incorporating Ghostscript constitutes copyright infringement. Compl. ¶ 21; Dkt. No. 1-1 at 10. A third party can likewise infringe Artifex's copyright in Ghostscript by such modification or distribution if the third party does not license Ghostscript under the GNU GPL or a commercial license from Artifex. Compl. ¶¶ 17, 21; Dkt. No. 1-1 at 10.

### C. Hancom's Breach of the GNU GPL and Copyright Infringement

At some point before August 2016, Hancom incorporated Ghostscript into Hangul, a word processing software, and Hancom Office, a suite of software programs consisting of Hangul,

1  spreadsheet software, and presentation software. Compl. ¶¶ 19-20. Hancom has at no time

2  entered into a commercial license with Artifex for Ghostscript. *Id.* ¶¶ 21, 31. Instead, Hancom

3  represented on its website that Hangul (and thus Hancom Office) licensed Ghostscript from

4  Artifex under the GNU GPL and distributed Hangul and Hancom Office under that license.[2] *Id.*

5  ¶¶ 2, 20. But Hancom failed to comply with the conditions of that license, namely, Hancom

6  failed to offer to distribute or to actually distribute the source code for its software incorporating

7  Ghostscript when Hancom distributed that software to its customers. *Id.* ¶¶ 24-25.

8      Because Hancom's license to Ghostscript under the GNU GPL obligated Hancom to make

9  these source code offers or distributions, Hancom breached its license when it failed to comply

10 with that license term. *Id.* ¶¶ 25, 28. Hancom's rights to modify and distribute Ghostscript then

11 terminated such that each subsequent modification or distribution of Ghostscript by Hancom was

12 unauthorized and constituted copyright infringement. *Id.* ¶¶ 21, 28, 31. Hancom's unauthorized

13 distribution of commercial software incorporating Ghostscript deprived Artifex of the licensing

14 fees Artifex would have received had Hancom properly licensed its commercial use of

15 Ghostscript from Artifex, prevented Artifex (and the open source community) from benefiting

16 from Hancom's use of and improvements to Ghostscript, and unjustly enriched Hancom by

17 allowing Hancom to profit from its unauthorized commercial use of Ghostscript. *Id.* ¶¶ 1, 3,

18 17-18, 26.

19 **III.     ARGUMENT**

20     **A.     The Complaint Pleads a Valid Claim for Breach of Contract**

21     Hancom's motion to dismiss Artifex's breach of contract claim should be denied because

22 Hancom has not met the well-established legal standards for such a motion. A claim should only

23 be dismissed if it is apparent that "plaintiff can prove no set of facts that would entitle it to relief."

24 *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). All facts must be presumed true and

25 construed in the light most favorable to Artifex. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

---

[2] This licensing representation previously appeared on Hancom's website at http://help.hancom.com/hoffice/webhelp/9.0/ko_kr/hwp/rights/rights.htm and was identified in Artifex's June 2016 demand letter to Hancom. Hancom appears to have since removed that representation from its website.

337-38 (9th Cir. 1996). Artifex need only plead "[f]actual allegations [sufficient] to raise a right to relief above the speculative level" and must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (same). Artifex has met this standard in pleading its breach of contract claim.

### 1. Artifex's Breach of Contract Claim Is Adequately Pled

Artifex's complaint sufficiently pleads every element of breach of contract against Hancom and adequately describes Hancom's breach of the GNU GPL. Hancom's motion asserts that Artifex has not alleged the existence of a contract or any damage caused by Hancom's breach thereof. Yet even a cursory reading of the complaint demonstrates that Hancom's assertions are wrong.

First, Artifex plainly pleads the existence of a contract, namely, Hancom's license to Ghostscript under the GNU GPL. Compl. ¶ 21; *MedioStream, Inc. v. Microsoft Corp.*, 749 F. Supp. 2d 507, 519-20 (E.D. Tex. 2010) (finding counterclaimant adequately pled breach of the GNU GPL under California law). A plaintiff alleging the existence of a contract may do so by setting forth the contract verbatim, attaching it as an exhibit, or pleading it according to its legal effect. *See Lyons v. Bank of Am., N.A.*, No. 11-01232 CW, 2011 WL 3607608, at *2 (N.D. Cal. Aug. 15, 2011). Here, Artifex both attached the contract (*i.e.*, the GNU GPL) as Exhibit 1 to the complaint and pled the key portions of that contract to its legal effect. Dkt. 1-1; Compl. ¶¶ 21-28. Artifex has also alleged facts sufficient to show mutual assent and consideration, contrary to Hancom's assertions in its motion. *See* Mot. 4-5. Artifex alleges:

- "Artifex licenses Ghostscript to the public under a conditional open source license called the [GNU GPL]" (Compl. ¶ 1);

- "Because Hancom used and distributed Ghostscript without a commercial license with Artifex, Hancom has consented to the terms of the GNU GPL and is a party to that agreement with Artifex" (*id.* ¶ 21); and

- "[T]he Hancom website stated that Hancom licensed Ghostscript under the GNU GPL" (*id.* ¶ 20).[3]

---

[3] Such notice of licensing under the GNU GPL (or communication of acceptance of the GNU GPL) is required by and built into the terms of the GNU GPL. Dkt. No. 1-1 at 6-8.

Artifex also alleges consideration, namely, that Hancom agreed to take on certain obligations (*e.g.*, source code distribution) in its use of Ghostscript that ensure knowledge-sharing and the advancement of interpreter technologies, including Ghostscript itself, that benefit Artifex (and the public). *Id.* ¶¶ 1, 18, 21; *Jacobsen v. Katzer ("Jacobsen I")*, 535 F.3d 1373, 1379 (Fed. Cir. 2008) ("The lack of money changing hands in open source licensing should not be presumed to mean that there is no economic consideration.").

Second, Artifex adequately alleges that Hancom's breach of the GNU GPL has damaged Artifex. Compl. ¶¶ 1, 3, 17, 26, 31, 36; *MedioStream*, 749 F. Supp. 2d at 519-20. In particular, the complaint alleges that Hancom's breach of the GNU GPL harmed Artifex by denying Artifex certain knowledge-sharing and software improvement benefits and by depriving Artifex of the licensing fee it would have otherwise collected from Hancom's commercial use of Ghostscript. Compl. ¶¶ 1, 3, 17. The complaint is clear that Artifex is the exclusive commercial licensing agent for Ghostscript, which means Artifex is forgoing licensing fees every time a third party instead licenses Ghostscript under the GNU GPL. *Id.* ¶¶ 17-18. And the complaint also alleges that Artifex benefits from GNU GPL licensees sharing their improvements to and uses of Ghostscript so that both Artifex and the interpreter software community can continue to advance Ghostscript and interpreter technologies generally. *Id.* ¶¶ 1, 18.

Hancom's reliance on *Synopsys, Inc. v. Atoptech, Inc.*, No. C. 13-cv-2965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013), and *Jacobsen v. Katzer ("Jacobsen II")*, 609 F. Supp. 2d 925 (N.D. Cal. 2009), are unavailing. In *Synopsys*, the plaintiff "merely state[d] that Defendant 'sought commercial gain and competitive advantage by accessing and using [Plaintiff's] proprietary information'" and failed to explain how the plaintiff had been damaged by "the mere fact that Defendant sought those things." 2013 WL 5770542, at *12. And in *Jacobsen II*, the complaint "[did] not state the proximate cause of the alleged damage, nor [did] it state what the actual damage was incurred by [the plaintiff]." 609 F. Supp. 2d at 932. Artifex's allegations are not so obtuse: the complaint outlines Artifex's dual licensing structure and loss of software improvement opportunities resulting from Hancom's breach of its source code distribution obligations. *See* Compl. ¶¶ 17-18.

ARTIFEX'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

**2.      Artifex's Breach of Contract Claim Is Not Preempted by Federal Copyright Law**

Federal copyright law does not preempt Artifex's GNU GPL-specific breach of contract claim. *See Versata Software, Inc. v. Ameriprise Fin., Inc.*, No. A-14-CA-12-SS, 2014 WL 950065, *4-5 (W.D. Tex. Mar. 11, 2014). "[A] majority of courts have found that breach of contract claims generally are not preempted." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001) (quoting *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1059 (C.D. Cal. 2000)). To state a breach of contract claim not preempted by federal copyright law, Artifex need only plead an "extra" element "demonstrating that there are rights or remedies available under the contract claim[] that are not otherwise available under the copyright claim." *Jacobsen II*, 609 F. Supp. 2d at 933-34.

In *Versata Software*, the court faced the same question of whether a party's claim for breach of the GNU GPL was preempted by the Copyright Act; the court aptly concluded that it was not. 2014 WL 950065, at *5. The court explained that the counterclaimant's breach claim was not based solely on distribution of a copyrighted work without permission; the counterclaimant had instead sued based on "breach of an additional obligation," namely, "an affirmative promise to make its derivative works open source because it incorporated an open source program into its software." *Id.* Here, Artifex pleads the same "extra element"—"a failure to disclose the source code of the derivative software." Compl. ¶¶ 24-25; *Versata Software*, 2014 WL 950065, at *5; *cf. MedioStream*, 749 F. Supp. 2d at 519-21 (denying motion to dismiss counterclaimant's claim for breach of the GNU GPL as well as its copyright infringement claim).

The cases cited by Hancom in favor of preemption are inapposite. In *Canal+ Image UK, Ltd. v. Lutvak*, 773 F. Supp. 2d 419 (S.D.N.Y. 2011), the plaintiff's breach claim centered solely on breach of plaintiff's exclusive right to create derivative works, *i.e.*, by creating a musical adaption of a film after the duration of the license. *Id.* at 446. And in *LTVN Holdings, LLC v. Odeh*, No. CCB-09-789, 2010 WL 2612690 (D. Md. June 25, 2010), the plaintiffs' breach claim centered on the defendants' display of copyrighted videos and modification of the videos in violation of the plaintiffs' exclusive right to create and distribute derivative works. *Id.* at *1, 5.

- 7 -

ARTIFEX'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

1    In contrast, Artifex's breach claim centers on Hancom's failure to distribute the accompanying
2    source code when distributing a derivative work incorporating Ghostscript.  Compl. ¶¶ 24-25.
3    Violation of this obligation is separate from violation of the exclusive federal rights protected by
4    the Copyright Act.  *Versata Software*, 2014 WL 950065, at *5; 17 U.S.C. § 106.
5             Artifex's contract claim separately avoids preemption because of the geographic scope of
6    Artifex's contract claim.  As Hancom notes in its motion, "wholly extraterritorial acts of
7    infringement are not cognizable under the Copyright Act."  Mot. at 10-11; *Subafilms, Ltd. v.*
8    *MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994).  "Accordingly, [federal
9    copyright law] does not preempt causes of action premised upon possible extraterritorial
10   infringement."  *Allarcom Pay TV, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 387 (9th Cir.
11   1995).  Hancom appears to admit as much by relying on *Allarcom* in its motion.  Mot. at 11.
12   While it is premature before discovery to conclude whether Hancom's infringing actions are
13   "wholly extraterritorial" and unrelated to any predicate act of infringement in the United States
14   (*see* Section III.B below), any "wholly extraterritorial" actions of unauthorized modification or
15   distribution of Ghostscript could still constitute a breach of the GNU GPL and reach rights and
16   remedies not available under the Copyright Act.  *See Allarcom Pay TV*, 69 F.3d at 387.  Artifex's
17   contract claim and copyright infringement claim may therefore overlap with regard to
18   extraterritorial acts; however, such pleading in the alternative is permitted at this early stage of
19   litigation where Artifex is without the benefit of discovery.  Fed. R. Civ. P. 8(d)(3) ("A party may
20   state as many separate claims . . . as it has, regardless of consistency.").

21             **B.     Artifex's Copyright Infringement Claim Is Adequately Pled**
22            Artifex has adequately pled a claim for copyright infringement; Hancom does not dispute
23   this point and does not move to dismiss Artifex's copyright infringement claim in its entirety.
24   Instead, Hancom seeks to narrow the scope of Artifex's claim.  Specifically, Hancom requests
25   dismissal of Artifex's copyright claim "with respect to Hancom's extraterritorial acts of alleged
26   infringement, including but not limited to Hancom's sales of Hangul and Hancom Office outside
27   of the United States, with prejudice."  Mot. at 12.  Hancom's proposed order requests an even
28   further limitation, proposing that "[t]he only portion of [Artifex's copyright] claim that is not

1  dismissed is Plaintiff's claim based on distribution and sale of allegedly infringing products in the
2  United States." Dkt. 18-1 at 2.  These requests are premature and improperly seek to narrow
3  Artifex's copyright claim.
4      A motion to dismiss claims of foreign infringement must be denied where U.S. infringing
5  acts are sufficiently pled.  Courts facing similar motions concerning allegations of both U.S. and
6  foreign infringement have consistently denied them in favor of addressing the issue of
7  extraterritoriality on a full factual record.  In *Yesh Music v. Lakewood Church*, No. 4:11-CV-
8  03095, 2012 WL 524187 (S.D. Tex. Feb. 14, 2012), for example, the court denied a similar
9  request to dismiss extraterritorial infringement claims as premature.  *Id.* at *10.  The plaintiff in
10 *Yesh Music* alleged that the defendants caused third parties to exploit the copyrighted work and
11 derivatives thereof "throughout the United States, and in certain foreign countries" and that the
12 defendants had used the copyrighted work "in global television broadcasts." *Id.*  The court
13 concluded: "Reading the Original Complaint in the light most favorable to Plaintiffs, the Court
14 concludes that it states a claim that infringing acts occurred initially in the United States.
15 Therefore, Plaintiffs' extraterritorial infringement claims should not be dismissed." *Id.*  The court
16 noted that a full record at summary judgment might "show that the international copyright
17 infringement did not originate in or even occur partially in the United States" but that plaintiffs
18 had sufficiently pled their claim for the purposes of Rule 12(b).  *Id.*; s*ee also Palmer/Kane LLC v.
19 Houghton Mifflin Harcourt Publ'g Co.*, No. 13-11030-GAO, 2014 WL 183774, at *3 (D. Mass.
20 Jan. 16, 2014) (denying a motion to dismiss on extraterritoriality as "too uncertain" and noting
21 "[i]t will be better resolved on a developed factual record, either at or before trial").
22     For now, it is sufficient that Artifex has pled infringing acts in the United States in
23 addition to foreign infringement.  The complaint plainly alleges that Hancom has committed
24 infringing actions in the United States, alleging "Hancom has offered and distributed its
25 infringing products incorporating Ghostscript in California." Compl. ¶ 7; *id.* ¶¶ 2, 10.  Artifex's
26 allegations also allege infringement in South Korea, where the infringing software is likewise
27 used and distributed.  *Id.*¶ 2.  Without the benefit of discovery, Artifex cannot identify the
28 specific location(s) for Hancom's activity related to its infringement, including where Hancom

physically reproduced or prepared derivative works of Ghostscript.  Indeed, because Artifex is located in the United States and offers Ghostscript for licensing and download from the United States, it is possible that Hancom's infringing acts will all be deemed to have resulted from predicate acts occurring in the United States.  Only discovery will reveal the geographic specifics of Hancom's various infringing acts.

The cases on which Hancom relies do not address this situation where the plaintiff has plainly pled infringing conduct in the United States and within the reach of the Copyright Act; instead, they address instances where the complaint is entirely devoid of allegations concerning conduct within the United States.  *See Music Sales Ltd. v. Charles Dumont & Son*, 800 F. Supp. 2d 653, 660 (D.N.J. 2009) ("Because Defendant apparently possesses distribution rights of the sheet-music within the United States, however, Plaintiffs have not alleged that the sheet-music was copied unlawfully."); *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 41 U.S.P.Q.2d 1427, 1431 (S.D.N.Y. 1996) (neither domestic act alleged by plaintiff constituted copyright infringement); *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-cv-00253, 2016 WL 2621872, at *3 (N.D. Cal. May 9, 2016) ("There is no express allegation and no factual examples supporting an assertion of infringement within the United States."); *Allarcom Pay TV*, 69 F.3d at 387 ("[T]he potential infringement was only completed in Canada . . . ."); *New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034 PA (RZx), 2007 WL 5061697, at *3-4 (C.D. Cal. Dec. 3, 2007) (same).  The court's decision is *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102 (D.D.C. 2011), is likewise distinguishable, as it involved a case where plaintiff pled infringing acts within the United States by two nonmoving defendants but failed to do so as to a third defendant.  *Id.* at 122.

To be sure, Artifex does not seek to enforce its infringement claim against conduct outside the authority of the Copyright Act.  Artifex acknowledges that under existing law any infringing acts determined to be "wholly extraterritorial" without a predicate act in the United States will fall outside of the scope of the Copyright Act.  *See Subafilms*, 24 F.3d at 1090.  But to the extent discovery reveals Hancom's foreign infringement is predicated on infringing conduct in the

United States, Hancom's infringement falls within the authority of the Copyright Act.[4]  *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 992 (9th Cir. 1988).  Accordingly, dismissal of Artifex's copyright claim—a claim Hancom tacitly admits sufficiently pleads infringement by Hancom in the United States—should be denied.

### C. The Court Should Deny Hancom's Premature Requests to Strike Artifex's Prayer for Relief

Hancom's request to strike certain portions of Artifex's prayer for relief is improper and should be denied.[5]  Requests to strike addressing factually based arguments—whether invoking Rule 12(f) or Rule 12(b)(6)—are not appropriate on the pleadings.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 & n.2 (9th Cir. 2010) (reversing district court's striking of plaintiff's claim for lost profits and consequential damages under Rule 12(f) as well as Rule 12(b)(6)).  Such requests to strike material in a complaint "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *see also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").  Here, Hancom's requests to strike are just that, Hancom's latest delaying tactic.

Much like Hancom's extraterritoriality argument, Hancom's challenge of Artifex's claim for statutory damages and attorneys' fees reaches for facts beyond the complaint and misses its mark.  Artifex pleads generally for recovery of statutory damages and attorneys' fees.  Compl. at 11-12.  Hancom does not contest that Artifex is entitled to those forms of relief.  Instead, Hancom seeks to unnecessarily rewrite Artifex's prayer for relief to the extent Artifex seeks such relief for infringement of just one version of Ghostscript asserted.  Mot. at 12-13.  Artifex is not seeking

---

[4] And to the extent that discovery reveals Hancom has committed "wholly extraterritorial" actions, Artifex's breach of contract claim will cover those actions.  *See Allarcom Pay TV*, 69 F.3d at 387.

[5] Although Hancom's motion does not mention Rule 12(f), Hancom invokes Rule 12(f) by requesting that the Court *strike* rather than *dismiss* portions of Artifex's prayer for relief.  Mot. at 7, 12.

recovery beyond what the law allows, and the evidence will define what remedies are available for Hancom's misdeeds, including infringement of Ghostscript version 8.71.  But to the extent the evidence proves infringement of that software by Hancom commencing after December 5, 2016, such recovery is available.  Indeed, courts facing similar requests to strike prayers for relief that depend on the timing of infringement have denied them as premature.  *Jacobsen II*, 609 F. Supp. 2d 925, 934-35 (refusing to strike claim for attorneys' fees as premature because "by virtue of discovery" the infringement timeline might change); *AtPac, Inc. v. Aptitude Sols., Inc.*, No. 2:10294 WBS KJM, 2010 WL 1779901, at *7 (E.D. Cal. Apr. 28, 2010) (denying request to strike prayer for statutory damages as premature because "[t]he discovery process will properly determine if or in what ways defendants have continued to violate plaintiff's copyright"); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1123-24 (E.D. Cal. 2012) (denying motion to strike portions of general prayer for relief where applicable to other claims).

      Hancom's request to strike Artifex's request for injunctive relief suffers from the same problem.  The court's decision in *Oracle Corp. v. DrugLogic, Inc.*, No. C 11-00910 JCS, 2011 WL 5576267 (N.D. Cal. Nov. 16, 2011), is instructive.  In *Oracle*, the court declined to strike the counterclaimant's request for injunctive relief on its breach of contract claim in light of a lack of case law supporting striking a request for relief at the pleading stage.  *Id.* at *14.  The court pointed to the counterclaimant's allegations "that a contract was breached and that there [wa]s a threat of continued harm that render[ed] legal remedies inadequate" as sufficient to bar the cross-defendant's request to strike.  *Id.*  Here, Artifex has similarly pled breach and the threat of continued harm, namely, that Hancom has not complied with the terms of the GNU GPL and has never distributed the source code for Hangul to its customers.  Compl. ¶¶ 1-3, 25, 28, 35.  This failure to share its source code has denied, and continues to deny, Artifex (and the public) the benefit of any knowledge-sharing and advancement of interpreter technologies that the source code could provide.  *Id.* ¶¶ 1, 17-18, 25.  Artifex has pled damages in the alternative, as permitted by Rule 8(d)(3), but seeks injunctive relief should damages prove inadequate.

      Hancom's argument that injunctive relief here is barred by Section 8 of the GNU GPL also fails: Section 8 of the GNU GPL only states that Hancom's rights under the license terminate

1  upon breach, not that the contract itself terminates.  Compl. ¶ 27; Dkt. No. 1-1 at 9-10.

2  Moreover, unless Hancom is admitting that it breached the GNU GPL, it will be disputed whether

3  termination under Section 8 has occurred.  Deciding such a factual issue on the pleadings would

4  be inappropriate.  *See Whittlestone*, 618 F.3d at 975 n.2 (whether contract was terminated should

5  be decided at a later stage of litigation on appropriate evidence).  Additionally, Hancom's reliance

6  on *Hollypark Realty Co. v. MacLoane*, 163 Cal. App. 2d 549 (1958)—which is in turn the crux of

7  the court's decision in *Colonial Life & Accident Insurance Co. v. Stentorians-L.A. County Black

8  Fire Fighters*, No. 2:13-cv-9235-CAS-FFMx, 2014 WL 794571 (C.D. Cal. Feb. 24, 2014)—is

9  unconvincing.  The general rule stated in *Hollypark Realty* concerns termination of a contract ***by

10  rescission*** wherein the contract for sale of property ceases to exist or wherein the plaintiff cannot

11  perform its obligations under the contract because the property has already been conveyed.  *See

12  Larsen v. Johannes*, 7 Cal. App. 3d 491, 501 (1970); *Pike v. Von Fleckenstein*, 203 Cal. App. 2d

13  134, 137 (1962).  Indeed, in *Hollypark Realty*, the plaintiff had rescinded the property sale

14  contract by electing to sell the property to a third party after initiating the lawsuit.  163 Cal. App.

15  2d at 551-53.  The court explained that the plaintiff could not seek damages or specific

16  performance due to rescission and termination of the contract.  *Id.* at 553.  Here, Artifex has not

17  taken any such actions that would bar its request for injunctive relief (or its request for damages).

18  Hancom's request to strike Artifex's prayer for restitution and consequential damages

19  must also fail.  Contrary to Hancom's assertion, the absence of a required licensing fee in the

20  GNU GPL does not mean that Artifex would have gained nothing from Hancom's full

21  performance under the agreement.  The Federal Circuit's decision in *Jacobsen I* is unambiguous

22  on this point.  535 F.3d at 1379.  As the Federal Circuit explained, the lack of a licensing fee does

23  not mean that a licensor does not benefit (even financially) from the licensing:

24  > There are substantial benefits, including economic benefits, to the creation and distribution of copyrighted works under public licenses that range far beyond
25  > traditional license royalties.  For example, program creators may generate market share for their programs by providing certain components free of charge.
26  > Similarly, a programmer or company may increase its national or international reputation by incubating open source projects.  Improvement to a product can
27  > come rapidly and free of charge from an expert not even known to the copyright holder.

28

*Id.* Discovery will reveal the full extent of benefit (economic and otherwise) lost by Artifex as a result of Hancom's breach, and a full record will reveal whether the loss of certain of these benefits are consequential rather than direct damages. *See* Compl. ¶¶ 1, 3, 17-18. But, at a minimum, it would be inappropriate at the pleading stage to bar Artifex from (1) recovering damages later argued by Hancom to be consequential and (2) demonstrating the amount of its injury and such injury's relation to Hancom's gains, profits, and advantages obtained as a result of Hancom's breach.

In light of the foregoing, Hancom's request to strike portions of Artifex's prayer for relief should be denied.[6]

## IV.   CONCLUSION

Hancom's motion to dismiss and strike portions of the complaint should be denied: (1) Artifex has adequately pled breach of contract claim and preemption is inapplicable; (2) Artifex has adequately pled its copyright infringement claim; and (3) Hancom's requests to strike certain portions of Artifex's prayer for relief are inappropriate on the pleadings.

Accordingly, and for the foregoing reasons, Hancom's motion should be denied.

Dated:  March 28, 2017

                                                DARIN W. SNYDER
                                                JESSE J. KOEHLER
                                                O'MELVENY & MYERS LLP

By:   */s/ Darin W. Snyder*
            Darin W. Snyder

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.

---

[6] Artifex concedes, however, that Artifex cannot recover exemplary damages under the Copyright Act and that the nature of Artifex's breach of contract claim as currently pled falls outside of Cal. Civ. Code § 3294.