L. KIERAN KIECKHEFER (SBN 251978)
kkieckhefer@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Ste. 100
Menlo Park, CA 94025
Telephone: 650-815-7400
Facsimile: 650-815-7401

JOHN J. DABNEY (*Admitted Pro Hac Vice*)
jdabney@mwe.com
MARY D. HALLERMAN (*Admitted Pro Hac Vice*)
mhallerman@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone: 202-756-8000
Facsimile: 202-756-8087

Attorneys for Defendant
HANCOM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTIFEX SOFTWARE, INC., | CASE NO. 3:16-cv-06982-JSC |
| Plaintiff, | **DEFENDANT HANCOM, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| v. | |
| HANCOM, INC., | Date: April 27, 2017 |
| Defendant. | Time: 9:00 a.m. |
| | Judge: Hon. Jacqueline Scott Corley |
| | Dept.: Ctrm F, 15th Floor |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     THE COURT MUST DISMISS ARTIFEX'S BREACH OF CONTRACT CLAIM ........ 1

        A.      Artifex Has Failed to Plausibly Plead a Breach of Contract Claim ...................... 1

                1.      Artifex Failed to Plead Sufficient Facts to Show Mutual Assent .............. 2

                2.      Artifex Failed to Plead Sufficient Facts to Show Consideration and
                        Damages ................................................................................................ 4

        B.      Artifex's Contract Claim Is Preempted ................................................................ 5

III.    THE COURT MUST DISMISS ARTIFEX'S COPYRIGHT CLAIM IN PART .............. 5

IV.     ARTIFEX'S REQUESTED REMEDIES FAIL ............................................................. 8

        A.      Artifex Failed to Plausibly Plead Entitlement to the Extraordinary Remedy
                of Specific Performance ....................................................................................... 9

        B.      Artifex's Request for Restitution Fails ............................................................... 10

        C.      Artifex Has Failed to Plead Consequential Damages With Particularity ............ 10

        D.      Artifex's Claim for Statutory Damages and Fees for Hancom's Alleged
                Infringement of Ghostscript Version 8.71 Also Fails .......................................... 11

V.      CONCLUSION ........................................................................................................ 12

McDermott Will & Emery LLP
Attorneys At Law
Washington

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aguilera v. Bigham*,
    No. 2:15-cv-1781-KJM-EFB, 2016 U.S. Dist. LEXIS 116724
    (E.D. Cal. Aug. 30, 2016) ...................................................................................4

*Allarcom Pay TV Ltd., v. General Instrument Corp.*,
    69 F.3d 381 (9th Cir. 1995).............................................................................7, 8

*Arroyo v. Hunter*,
    A104498, 2004 Cal. App. Unpub. LEXIS 7972 (Cal. App. 1st Dist. Aug. 30,
    2004) ...................................................................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................1, 7

*AtPac, Inc. v. Aptitude Sols, Inc.*
    Case No. 2:10294 WBS KJM, 2010 WL 1779901 (E.D. Cal. 2010) ...............12

*Barbera v. WMC Mortgage Corp.*,
    C 04-3738, 2006 WL 167632 (N.D. Cal. 2006) ................................................4

*Beal Props. v. Garfield Beach CVS*,
    F067928, 2015 Cal. App. Unpub. LEXIS 429 (2015) .......................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................1

*Cantu v. SAC Int'l Steel, Inc.*,
    Case No.10 CV 547, 2010 U.S. Dist. LEXIS 91383 (S.D. Cal. Sept. 2, 2010).......................11

*Colonial Life & Accident Ins. Co. v. Stentorians-L.A. County Black Fire Fighters,
    et al.*,
    Case No. 2:13-cv-9235, 2014 WL 794571 (N.D Cal. Feb. 24, 2014) .................9, 10

*Derek Andrew, Inc. v. Poof Corp.*,
    528 F.3d 696 (9th Cir. 2008)...........................................................................11

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
    868 F. Supp. 2d 983 (E.D. Cal. 2012)................................................................2

*Los Angeles News Service v. Reuters*,
    149 F.3d 987 (9th Cir. 1998)..............................................................................6

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015) ..............................................................12

McDermott Will & Emery LLP
Attorneys At Law
Washington

HANCOM'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

# TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

**Cases**

*Massacre v. Davies,*
  Case No. 13-cv-04005, 2014 WL 4076549 (N.D. Cal. Aug. 18, 2014) ....................................9

*MedioStream, Inc. v. Microsoft Corp.,*
  749 F. Supp. 2d 507 (E.D. Tex. 2010) ...................................................................................2

*Mujica v. AirScan, Inc.,*
  771 F.3d 580 (9th Cir. 2014)...................................................................................................1

*Music Sales, Ltd. v. Charles Dumont & Son,*
  800 F. Supp. 2d 653 (D.N.J. 2009) ........................................................................................7

*North Star Intern v. Arizona Corp. Com'n,*
  720 F.2d 578 (9th Cir. 1983)...................................................................................................6

*Oracle Corp. v. DrugLogic, Inc.,*
  No. C 11-00910 JCS, 2011 WL 5576267 (N.D. Cal. Nov. 16, 2011) ....................................9

*Palmer/Kane LLC v. Houghton Mifflin Harcourt Publishing Company,*
  Civil Action No. 13-11030-GAO, 2014 WL 183774 (D. Mass. Jan. 16, 2014) ......................8

*Rundquist v. Vapiano SE,*
  798 F. Supp. 2d 102 (D.D.C. 2011) ...............................................................................6, 7, 8

*Sanchez v. City of Fresno,*
  914 F. Supp. 2d 1079 (E.D. Cal. 2012)................................................................................12

*Schneider v. Cal. Dep't of Corr.,*
  151 F.3d 1194 (9th Cir. 1998).................................................................................................1

*Subafilms, Ltd. v. MGM-Pathe Communs. Co.,*
  24 F.3d 1088 (9th Cir. 1994)...................................................................................................6

*Ticketmaster Cop. v. Tickets.com, Inc.,*
  54 U.S.P.Q.2d (BNA) 1344 (C.D. Cal. 2000).........................................................................2

*Update Art, Inc. v. Modiin Publ'g,*
  843 F.2d 67 (2d Cir. 1988)......................................................................................................6

McDermott Will & Emery LLP
Attorneys At Law
Washington

**TABLE OF AUTHORITIES**
**CONTINUED**

Page(s)

**Cases**

*Versata Software, Inc. v. Ameriprise Fin, Inc.*,
    No. A-14-CA-12-SS, 2014WL 950065 (W.D. Tex. Mar. 11, 2014) ..........................................5

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010)................................................................................................9

*Yesh Music v. Lakewood Church*,
    No. 4:11-cv-03095, 2012 WL 524187 (S.D. Tex. Feb. 14, 2012) ............................................7

**Statutes**

17 U.S.C. § 106 ...........................................................................................................................6

17 U.S.C. § 412 ....................................................................................................................11, 12

Cal. Civ. Code § 1580 ..................................................................................................................2

**Other Authorities**

12 Joseph M. Perillo, *Corbin on Contracts* § 61.5 (Matthew Bender ed.) ....................................10

5A Charles Alan Wright & Arthur R. Miller, *et al.*, Federal Practice & Procedure §
    1312 (3d ed.) ......................................................................................................................11

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

## I.  **INTRODUCTION**

Artifex's Opposition (Dkt. No. 27 (hereinafter "Artifex Br.")) speculates what transpacific discovery may show as a basis for its claims. But before Artifex "unlocks the doors of discovery," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), it must first plead facts sufficient to show the elements of its claims. *See Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("[P]laintiffs must satisfy the pleading of requirements of Rule 8 *before* the discovery stage, not after it."). Rule 8 requires that Artifex plead facts that plausibly show an entitlement to relief, and Artifex cannot avoid dismissal by invoking the more lenient, now rejected "no set of facts" pleading standard. (Artifex Br. at 4 (citations omitted)). *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (stating the "no set of facts" standard is "not the minimum standard of adequate pleading"). Nor can Artifex avoid dismissal by making allegations in its Opposition that are not found in its Complaint. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Because Artifex has failed to plead sufficient facts for its claims, Hancom's Motion to Dismiss (Dkt. No. 18 (hereinafter "Hancom Br.")) must be granted.

## II.  **THE COURT MUST DISMISS ARTIFEX'S BREACH OF CONTRACT CLAIM**

In its Motion, Hancom explained that Artifex failed to state a breach of contract claim because it has not adequately alleged that the General Public License Version 3.0 ("GPL") was a valid contract between Artifex and Hancom. (Hancom Br. at 3-4). Artifex has not pled facts sufficient to show: (1) mutual assent and Hancom's communication of acceptance to Artifex, (2) consideration, and (3) damages to Artifex caused by Hancom's alleged breach. (*Id.*). Artifex's Opposition fails to explain these deficiencies.

### A.  **Artifex Has Failed to Plausibly Plead a Breach of Contract Claim**

By attaching the GPL as an exhibit to its Complaint, Artifex contends it has sufficiently pled the existence of a contract. (Artifex Br. at 5). But attaching an *unexecuted* GPL does not adequately plead *a valid contract between Artifex and Hancom*. (*See* Compl.¶ 18 and Exhibit 1

HANCOM'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

thereto).  *See Arroyo v. Hunter*, A104498, 2004 Cal. App. Unpub. LEXIS 7972, at *6-8 (Cal. App. 1st Dist. Aug. 30, 2004) (affirming dismissal—unexecuted contract lacked manifestation of assent by defendant to pay $500,000 every time name used). Artifex must allege facts sufficient to show that a contract was formed between Artifex and Hancom, and it has failed to do so.[1]

**1.    Artifex Failed to Plead Sufficient Facts to Show Mutual Assent**

Artifex contends that the following allegations in its Complaint show the existence of a contract—(1) that Hancom "consented to the terms of the GNU GPL and is a party to that agreement with Artifex" because Hancom did not enter a commercial license with Artifex and (2) that Hancom allegedly stated that it licensed Ghostscript under the GPL on its website. (Artifex Br. at 5). However, neither allegation plausibly pleads mutual assent to form a contract.

Contract formation requires mutual assent of the parties, meaning that "all parties agree upon the same thing in the same sense." Cal. Civ. Code § 1580. The Complaint is devoid of any allegations that Hancom agreed to form a contract with Artifex. *See Ticketmaster Cop. v. Tickets.com, Inc.*, 54 U.S.P.Q.2d (BNA) 1344, 1346 (C.D. Cal. 2000) (dismissing contract claim – "merely putting the terms and conditions in this fashion [does not] necessarily create[] a contract with anyone using the website"). There are no allegations in the Complaint that Hancom and Artifex ever had a similar arrangement concerning software or even had prior dealings. *See Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 995-96 (E.D. Cal. 2012) (dismissing contract claim where letter attaching contract terms was sent to defendant and plaintiff "failed to identify any other prior conduct that suggests the parties would have intended to enter into a contract based on a single letter" to indemnify plaintiff for over $1 million in fees). There is simply no plausible allegation in the Complaint that Hancom, a successful software

---

[1] Artifex cites to a non-binding decision, *MedioStream, Inc. v. Microsoft Corp.*, 749 F. Supp. 2d 507 (E.D. Tex. 2010), to argue it has adequately pled the existence of a contract. *MedioStream* did not involve GPL *Version 3*, but rather *Version 2. Id.* at 520 (referring to Paragraph 5's provision concerning acceptance of license); *see* Compl. Exhibit 1 (Section 5 refers to source code distribution, not acceptance of license). Moreover, the court found that MedioStream, unlike Artifex here, had made "specific and detailed allegations" concerning the required elements for stating a claim of breach of contract based on GPL Version 2. *Id.* If anything, *MedioStream* only magnifies the deficiencies in Artifex's allegations.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

1  company (Compl. ¶ 19), would agree to provide its proprietary source code to every customer in

2  exchange for its alleged use of Ghostscript.

3      As explained in Hancom's Motion, the fact that Hancom did not enter into a commercial

4  license with Artifex does *not* mean that Hancom assented to a contract with Artifex. (Hancom Br.

5  at 4). Artifex recognizes as much in its Opposition, stating that a Ghostscript user could "infringe

6  Artifex's copyright in Ghostscript . . . if the third party does not license Ghostscript under the

7  GNU GPL *or* a commercial license from Artifex." (Artifex Br. at 3 (emphasis added)).

8  Furthermore, Artifex's allegation that Hancom stated that Hancom "*licensed* Ghostscript under

9  the GNU GPL" does not plausibly plead that the GPL is a contract, let alone that Hancom

10  assented to it as such. (*Id.* at 5-6). Not every copyright permission is a contract, and Artifex has

11  no response to the statement of the drafter of the GPL that the GPL is a "unilateral copyright

12  permission," not a bilateral contract (*id.* at 6 n.3).

13      Artifex also ignores Hancom's argument that Artifex failed to plead that Hancom

14  communicated *to Artifex* its acceptance of the GPL as a contract. (Hancom Br. at 4). The notice

15  provisions of the GPL that Artifex cites in passing (*see* Artifex Br. at 5) do not override the fact

16  that Artifex did not know that Hancom was allegedly using Ghostscript until *2016* and allegedly

17  under a contract, even though Hancom has allegedly used Ghostscript "since as early as *2013*."

18  (*See* Compl. ¶ 2 (emphasis added); Hancom Br. at 4). "Requiring a plaintiff to allege facts about

19  conduct manifesting a mutual assent to form a contract is not onerous . . . . A plaintiff would be

20  aware of the defendant's outward manifestations of an intention to form a contract because those

21  outward manifestations must be communicated to the plaintiff—that is, the party with whom the

22  contract alleged is formed." *Beal Props. v. Garfield Beach CVS*, F067928, 2015 Cal. App.

23  Unpub. LEXIS 429, at *17-19 (Cal. App. 5th Dist. Jan. 22, 2015) (affirming dismissal of

24  complaint where plaintiff "failed to identify the conduct and actions communicated between Beal

25  Properties and CVS that manifested their mutual consent to a contract"). Because Artifex failed to

26  allege the fundamental element of mutual assent, its contract claim must be dismissed.

27  //

28  //

- 3 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

### 2.    Artifex Failed to Plead Sufficient Facts to Show Consideration and Damages

While Artifex contends it has adequately pled consideration between Hancom and Artifex, Artifex's Complaint does *not* allege that Hancom's "obligation" to disclose its source code would "ensure knowledge-sharing" or provide a benefit to Artifex, let alone that this was the consideration supporting the GPL "contract."[2] (Artifex Br. at 6). *See, e.g., Barbera v. WMC Mortgage Corp.,* C 04-3738 SBA, 2006 WL 167632 at *2 n.4 (N.D. Cal. Jan. 19, 2006) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss."). With no plausible allegations in the Complaint concerning consideration, Artifex's contract claim should be dismissed. *See, e.g.*, *Aguilera v. Bigham*, No. 2:15-cv-1781-KJM-EFB, 2016 U.S. Dist. LEXIS 116724, at *9-10 (E.D. Cal. Aug. 30, 2016) (dismissing contract claim where complaint failed to allege sufficient consideration—under "purported contract, plaintiff not required to perform any act in exchange for defendant's performance").

Artifex's contention that it has adequately pled damages caused by Hancom's alleged breach also fails. (Artifex Br. at 6). Again, nowhere does Artifex allege in its Complaint that Hancom "denied Artifex certain knowledge-sharing and software improvement benefits." (*Id.*). And while Artifex asserts that Hancom "depriv[ed] Artifex of the licensing fee[3] it would have otherwise collected from Hancom's commercial use of Ghostscript" (*id.*), nowhere does Artifex plausibly allege that Hancom would have necessarily entered into a commercial licensing agreement with Artifex, which is the only way that Artifex would have been entitled to such a fee. Because Artifex has failed to plead facts sufficient to show the existence of a contract and that it has been damaged by Hancom's alleged breach, Artifex's contract claim must be dismissed.

/ /

/ /

/ /

---

[2] Indeed, the GPL does not require users of Hancom's allegedly infringing software to "share" software improvements for Ghostscript. (*See generally* Compl. Exhibit 1.)

[3] As Artifex recognizes later in its brief, the GPL does not require a party to pay a licensing fee to Artifex. (*See* Artifex Br. at 13.)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

### B.    Artifex's Contract Claim Is Preempted

As explained in Hancom's Motion and as admitted by Artifex in its Opposition, the source code provision that Artifex alleges Hancom breached is a *condition* of Hancom's use of Ghostscript under the GPL and is not a promise or obligation constituting the "extra element" necessary to avoid preemption.  (Hancom Br. at 6-7; Artifex Br. at 4). "At times a breach of contract cause of action can serve as a subterfuge to control nothing other than the reproduction, adaptation, public distribution, etc., of works within the subject matter of copyright. That situation typically unfolds when the 'contract' at issue consists of a 'shrinkwrap license' to which the copyright owner demands adhesion *as a condition to licensing its materials* . . . . Under that scenario, the subject contract cause of action should be deemed preempted." 2 Melville B Nimmer and David Nimmer, Nimmer on Copyright § 1.01 (Matthew Bender ed.) (emphasis added).

Plaintiff's cited case, *Versata Software, Inc. v. Ameriprise Fin, Inc.*, No. A-14-CA-12-SS, 2014WL 950065, at *4-5 (W.D. Tex. Mar. 11, 2014) is distinguishable and not binding on this court. *Versata* involved an alleged violation of GPL *Version 2*, whereas this case involves an alleged violation of GPL *Version 3*. (*See generally* Compl. Exhibit 1); *see Versata Software, Inc. v. Ameriprise Fin., Inc.*, No. A-14-CA-12, Dkt. No. 9-3 (W.D. Tex. Jan.14, 2014). More importantly, Ameriprise, the party asserting that GPL Version 2 had been breached, *did not assert a copyright infringement claim against Versata*. (*See id.*, Notice of Removal (Dkt. No. 1) at 3).

Here, Artifex admits that its breach of contract and copyright claims "overlap" and its contract claim is in reality a copyright claim. (*See* Artifex Br. at 8 (noting that contract claim is premised on "unauthorized modification or distribution")). Artifex's contract claim is nothing more than a subterfuge for its copyright claim, and the Court should dismiss Artifex's contract claim on this ground.

### III.    THE COURT MUST DISMISS ARTIFEX'S COPYRIGHT CLAIM IN PART

Artifex failed to allege facts sufficient to show a predicate infringing act within the United States that enabled further infringement abroad, a requirement for Artifex to reach Hancom's allegedly extraterritorial acts of infringement. (Hancom Br. at 10-12). While Artifex argues that

Hancom's Motion seeks to "improperly" narrow Artifex's claim, it is fundamental copyright law that, "[b]ecause the copyright laws to not apply extraterritorially," Artifex's alleged "rights under [17 U.S.C. § 106] must be read as extending no farther than the [United States'] borders." *Subafilms, Ltd. v. MGM-Pathe Communs. Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994). Thus, as a matter of law, any alleged unauthorized reproduction, creation of derivative works, or distribution by Hancom occurring outside of the United States do not give rise to a claim for copyright infringement under federal law.

There is one narrow exception to the general rule that U.S. copyright law does not apply extraterritorially: where a predicate infringing act is committed entirely within the United States that enables further infringement outside of the United States. *See, e.g., Los Angeles News Service v. Reuters*, 149 F.3d 987, 992 (9th Cir. 1998); *Update Art, Inc. v. Modiin Publ'g*, 843 F.2d 67, 73 (2d Cir. 1988) (recognizing that copyright laws apply extraterritorially only when infringement in the United States "permits further reproduction abroad").  Artifex admits that its copyright claim cannot reach wholly extraterritorial acts of infringement if no predicate infringing act occurred entirely within the United States (Artifex Br. at 10), and there is no allegation in Artifex's Complaint concerning alleged infringement by Hancom occurring within the United States that enabled further infringement abroad. (*Id.* at 9). Dismissal of Artifex's copyright claim for extraterritorial acts of infringement is required. *See North Star Intern v. Arizona Corp. Com'n*, 720 F.2d 578 (9th Cir. 1983) ("The purpose of a 12(b)(6) motion is test to the legal sufficiency of the complaint. We need not reach issues for which there is no foundation in the complaint.").

To save its extraterritorial copyright claim, Artifex contends that it is sufficient that it has "pled infringing acts in the United States in addition to foreign infringement." (Artifex Br. at 9.) But the allegations on which Artifex relies—distribution of Hancom's allegedly infringing products in California, as well as South Korea (Compl. ¶¶ 2, 7)—are not predicate acts of infringement that would facilitate foreign infringement. *See Update Art*, 843 F.2d at 73 (2d Cir. 1988) (observing that while "illegal reproduction of poster occurring in the United States that was later exported to Israel" could trigger application of U.S. copyright law, reproduction in Israel would not); *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 124 (D.D.C. 2011) (dismissing in

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

part copyright claim where it suffered from timing flaws—"there is no allegation in the Amended Complaint that [alleged infringement in the United States] came first" and facilitated foreign infringement). Artifex alleges that Hancom "copied" Ghostscript and "integrated" and "incorporated" into its software (Compl. ¶¶ 20, 23, 31), but it does not allege where this copying, integration, or incorporation occurred. The only reasonable inference that can be drawn from the Complaint is that these alleged acts transpired in South Korea, where Hancom is located, meaning federal copyright law cannot apply to any alleged infringement by Hancom occurring outside of the United States.

Artifex's attempt to distinguish the cases cited by Hancom fails. In those cases, the copyright claims were dismissed because the plaintiff—like Artifex here—failed to allege a predicate act of infringement occurring entirely within the United States that enabled the infringement outside the United States. *See, e.g., Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 123-25 (D.D.C. 2011) (dismissing copyright claim in part against foreign defendant where plaintiff failed to allege predicate infringing act in the United States and that such act enabled further infringement abroad); *Music Sales, Ltd. v. Charles Dumont & Son*, 800 F. Supp. 2d 653, 660 (D.N.J. 2009) (dismissing copyright claim because "no predicate infringing act occurred within the United States" that facilitated further infringement abroad).[4]

With no allegations of a domestic predicate act of infringement that would enable further infringement outside of the United States, Artifex claims that "because Artifex . . . offers Ghostscript for . . . download from the United States, it is possible[5] that Hancom's infringing acts

---

[4] Artifex's reliance on *Yesh Music v. Lakewood Church*, No. 4:11-cv-03095, 2012 WL 524187, at *9-10 (S.D. Tex. Feb. 14, 2012), is misplaced. *Yesh* involved a defendant based in the United States, whereas Hancom is not based in the United States, but instead South Korea. (Compl. ¶ 7). *Yesh* is also of no support here because it suggests that a claim for extraterritorial infringement will lie if an infringing act occurred in part initially in the United States. *See Yesh*, 2012 WL 524187, at *9-10. The Ninth Circuit has expressly held that an act of infringement must occur *entirely* within the United States. *Allarcom Pay TV Ltd., v. General Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995).
[5] Asserting that it is "possible" that Hancom committed a predicate act of infringement within the United States does not satisfy Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully.").

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

HANCOM'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

will all be deemed to have resulted from predicate acts occurring in the United States." (Artifex Br. at 10 (emphasis added)). But Artifex's argument fails to save its extraterritorial infringement claim. First, nowhere in the Complaint does Artifex allege that Hancom downloaded Ghostscript from the United States. Second, a predicate act of infringement must be completed entirely within the United States,[6] and any downloading of Ghostscript by Hancom (again, based in South Korea) is not a predicate act of infringement wholly within the United States. *See Allarcom Pay TV Ltd., v. General Instrument Corp.*, 69 F.3d 381, 387 (9th Cir. 1995) (on motion to dismiss, holding that infringement not completed within United States where "defendants . . . initiated a potential infringement in the United States by broadcasting the Showtime signal, which contained copyright material . . . . [T]he potential infringement was only completed in Canada once the signal was received and viewed."). Because Artifex did not and cannot allege any predicate act of infringement by Hancom occurring within the United States that enabled infringement abroad, Artifex's copyright claim must be dismissed in part. *See Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 125 & n.2 (D.D.C. 2011) (dismissing portion of copyright claim based on infringement occurring outside the United States).

## IV.    ARTIFEX'S REQUESTED REMEDIES FAIL

Artifex concedes that its request for exemplary damages should be dismissed. (Artifex Br. at 14 n.6). With respect to Artifex's other remedies subject to Hancom's Motion, Artifex contends that it is premature to dismiss forms of relief that are wholly unsupported by allegations in the Complaint and that Hancom's motion is a "delaying tactic." (Artifex Br. at 11). But it is Artifex, not Hancom, who is culpable for delay: Artifex seeks to prolong the inevitable dismissal of specious remedies in an effort to drive up Hancom's litigation expense. Artifex's requests for specific performance, restitution, and consequential damages with respect to its contract claim,

---

[6] Artifex's reliance on *Palmer/Kane LLC v. Houghton Mifflin Harcourt Publishing Company*, Civil Action No. 13-11030-GAO, 2014 WL 183774 (D. Mass. Jan. 16, 2014) is misplaced. The court there denied a motion to dismiss the extraterritorial infringement portion of a copyright claim because the First Circuit had not adopted the predicate act doctrine, whereas here the Ninth Circuit has adopted that doctrine. *See id.* at *3; *Allarcom*, 69 F.3d at 387 (citing *Subafilms v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1998 (9th Cir. 1994)).

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDermott Will & Emery LLP
Attorneys At Law
Washington

1    and statutory damages and attorney's fees with respect to part of its copyright claim, fail as a

2    matter of law. As Artifex's own cited case recognizes, a Rule 12(b)(6) motion is a proper vehicle

3    for dismissing certain portions of a prayer for relief on this ground. *Whittlestone, Inc. v. Handi-*

4    *Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see, e.g.*, *Massacre v. Davies*, Case No. 13-cv-

5    04005, 2014 WL 4076549, at *16 (N.D. Cal. Aug. 18, 2014) (dismissing statutory damages and

6    attorney's fees under Rule 12(b)(6)).

7    **A.   Artifex Failed to Plausibly Plead Entitlement to the Extraordinary Remedy of**
     **Specific Performance**

8

9         In its Motion, Hancom explained that Artifex was not entitled to an order requiring

10   Hancom to distribute to each customer of Hangul and Hancom Office the source code for these

11   programs. (Hancom Br. at 7-8). Artifex does not dispute that it is seeking specific performance of

12   the GPL and that specific performance is only available when legal remedies are inadequate. (*See*

13   Artifex Br. at 12-13; Hancom Br. at 8). Instead, Artifex contends that it alleged that legal

14   remedies are inadequate. (Artifex Br. at 12). But none of its cited allegations contain such a

15   statement. (*See* Artifex Br. at 12; Compl. ¶¶ 1-3, 17-18, 25, 28, 35). Indeed, unlike the case on

16   which Artifex's relies, no such allegation appears in the Complaint. *See Oracle Corp. v.*

17   *DrugLogic, Inc.*, No. C 11-00910 JCS, 2011 WL 5576267, at *14 (N.D. Cal. Nov. 16, 2011)

18   (denying motion to strike where pleading "alleged that there was a threat of continued harm that

19   render[ed] legal remedies inadequate"). Artifex failed to plead a necessary element of specific

20   performance, and its requested relief must be dismissed on this ground.

21        Artifex next contends that it alleged in its Complaint that Hancom's rights under the GPL

22   have terminated, not that the GPL had terminated. (Artifex Br. at 12-13.) But Artifex fails to

23   explain what effect the GPL could have after the alleged termination of Hancom's rights. (*See*

24   Compl. ¶¶ 2, 22, 24-25, 27-28). The alleged termination of Hancom's rights meant the GPL

25   terminated. There can be no specific performance of an agreement that has been terminated, and

26   Artifex's attempt to force Hancom to provide its source code to all users of its allegedly

27   infringing programs fails. *See, e.g.*, *Colonial Life & Accident Ins. Co. v. Stentorians-L.A. County*

28

HANCOM'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS
CASE NO. 3:16-CV-06982-JSC

1    *Black Fire Fighters, et al.*, Case No. 2:13-cv-9235, 2014 WL 794571, at *8 (N.D Cal. Feb. 24,

2    2014) (dismissing claim for specific performance where contract terminated).

3    **B.    Artifex's Request for Restitution Fails**

4    In its Motion, Hancom explained that Artifex's request for restitution failed because,

5    under the GPL, Artifex would not have received any of the "gains, profits, or advantages"

6    identified in Artifex's Complaint if Hancom had *not* allegedly breached the GPL.  (Hancom Br. at

7    8-9). Artifex concedes that Hancom's charging a fee for its Hancom and Hangul Office does not

8    breach the GPL and that Artifex would not have been entitled to Hancom's revenues or profits

9    under the license. (*See* Artifex Br. at 13). Nevertheless, Artifex insists that it is entitled to

10    restitution because Artifex benefits—if not monetarily—from licensing its programs under the

11    GPL.[7] (*Id.* at 13). Still, Artifex fails to plausibly plead what restitution it would be eligible to

12    receive from Hancom because the GPL permitted Hancom to charge a price for its allegedly

13    infringing software. *See* 12 Joseph M. Perillo, *Corbin on Contracts* § 61.5 (Matthew Bender ed.)

14    ("In enforcing restitution, the purpose is to . . . put the injured party in as good a position as that

15    occupied by that party before the contract was made."). Artifex's request for restitution should be

16    dismissed.

17    **C.    Artifex Has Failed to Plead Consequential Damages With Particularity**

18    Like its Complaint, Artifex's Opposition says very little about consequential damages.

19    (Artifex Br. at 13-14). Artifex does not dispute that its claim for consequential damages must

20    satisfy Fed. R. Civ. P. 9(g) or that the barebones mention of consequential damages in its

21    Complaint fails to satisfy Rule 9's heightened pleading requirements. *See* Fed. R. Civ. P. 9(g) ("If

22    an item of special damage is claimed, it must be specifically stated.").  Instead, Artifex simply

23    insists that it would be "inappropriate at the pleading stage to bar Artifex from [] recovering

24    damages later argued by Hancom to be consequential." (Artifex Br. at 14).

25    //

26

27    ───────────────
[7] Artifex's reliance on *Jacobsen v. Katzer* is misplaced because that case has nothing to do with
28    restitution, let alone restitution under the GPL. 535 F.3d 1373, 1379 (Fed. Cir. 2008) (considering
     generally the possible benefits of open source licenses).

McDermott Will & Emery LLP
Attorneys At Law
Washington

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON

Artifex misunderstands the purpose and effect of Rule 9(g). Because Artifex failed to plead consequential damages with the specificity, Artifex's failure "bars recovery . . . for the items of special damage that are not set forth in the pleading[.]" 5A Charles Alan Wright & Arthur R. Miller, *et al*., Federal Practice & Procedure § 1312 (3d ed.). Artifex's abject failure to identify the nature of the consequential damages it seeks mandates dismissal. *See, e.g.*, *Cantu v. SAC Int'l Steel, Inc.*, Case No.10 CV 547, 2010 U.S. Dist. LEXIS 91383, at *12-13 (S.D. Cal. Sept. 2, 2010) (striking prayer for relief for consequential damages).

### D.   Artifex's Claim for Statutory Damages and Fees for Hancom's Alleged Infringement of Ghostscript Version 8.71 Also Fails

The Copyright Act is clear: "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after the first publication of the work and before the effective date of registration[.]" 17 U.S.C. § 412. The purpose of Section 412 is "to encourage copyright holders to register their copyrights promptly." *Derek Andrew, Inc. v. Poof Corp.*, 528 F.3d 696, 700 (9th Cir. 2008) (reversing award of statutory damages and attorney's fees – "Indeed, if the incentive structure of § 412 is to be properly applied, Andrew, having waited nearly two years from the first publication to register its copyright, should not receive the reward of statutory damages.").

As Hancom argued in its Motion, Artifex cannot recover statutory damages and attorneys' fees for Hancom's alleged infringement of Ghostscript version 8.71. (Hancom Br. at 12-13). Artifex first published Ghostscript Version 8.71 on February 1, 2010 (*see* Compl. ¶ 29 & Exhibit 3 thereto) (Application to Register Ghostscript version 8.71)). Artifex claimed that Hancom's infringement had begun "since as early as 2013," about three years *after* Artifex allegedly first published Ghostscript version 8.71 and about three years *before* Artifex sought to register it. (Compl. ¶¶ 2, 29 & Exhibit 3 thereto).

Artifex argues that its request for statutory damages and attorney's fees for Ghostscript version 8.71 should not be dismissed because "to the extent the evidence provides infringement of that software by Hancom commencing after December 5, 2016, such recovery is available." (Artifex Br. at 12). There is no merit to that argument.

Artifex's Complaint does *not* allege that Hancom commenced infringement after December 5, 2016. Artifex's Complaint alleges that infringement began "as early as 2013" and ceased in *August 2016*. (*See* Compl. ¶¶ 2, 23 ("*Before August 2016*, Hancom integrated Ghostscript into its software . . . ." (emphasis added)).  Based on the allegations in its own Complaint, Artifex is not entitled to statutory damages and attorney's fees for alleged infringement of Ghostscript version 8.71. *See, e.g.*, *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156 (N.D. Cal. 2015) (dismissing request for statutory damages with prejudice where plaintiff pled facts precluding such an award). [8]

## V.    **CONCLUSION**

For the foregoing reasons and reasons set forth in Hancom's Motion to Dismiss (Dkt. No. 18), Hancom respectfully requests that this Court grant its Motion to Dismiss.

Dated: April 4, 2017                                    Respectfully submitted,

McDERMOTT WILL & EMERY LLP


By:*/s/ L. Kieran Kieckhefer*
    L. Kieran Kieckhefer

Attorneys for Defendant
HANCOM, INC.

---

[8] Artifex's cases are inapposite. *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1123-24 (E.D. Cal. 2012) did not involve statutory damages. In *Jacobsen v. Katzer*, the court declined to strike statutory damages and attorney fees because unlike here, "there are allegations that infringement occurred [before registration] and because the allegations of infringement may not be complete." 609 F. Supp. 2d 925, 934-35 (N.D. Cal. 2009). *AtPac, Inc. v. Aptitude Sols., Inc.* appears to have relied on a misunderstanding of Section 412. *See* Case No. 2:10294 WBS KJM, 2010 WL 1779901, at *7 (E.D. Cal. Apr. 28, 2010) (infringement started before registration and continued).

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
WASHINGTON