L. KIERAN KIECKHEFER (SBN 251978)
kkieckhefer@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Ste. 100
Menlo Park, CA  94025
Telephone:     650-815-7400
Facsimile:     650-815-7401

JOHN J. DABNEY (*Admitted Pro Hac Vice*)
jdabney@mwe.com
MARY D. HALLERMAN (*Admitted Pro Hac Vice*)
mhallerman@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, D.C. 20001
Telephone:     202-756-8000
Facsimile:     202-756-8087

Attorneys for Defendant
HANCOM, INC.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTIFEX SOFTWARE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HANCOM, INC.,<br><br>　　　　　Defendant. | CASE NO.  3:16-cv-06982-JSC<br><br>**DEFENDANT HANCOM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE MONETARY RELIEF AVAILABLE TO PLAINTIFF ARTIFEX SOFTWARE, INC. ON ITS BREACH OF CONTRACT CLAIM**<br><br>Date:　　August 17, 2017<br>Time:　　9:00 a.m.<br>Judge:　　Hon. Jacqueline Scott Corley<br>Dept.:　　Ctrm F, 15th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2017, at 9:00am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Jacqueline Scott Corley, San Francisco Courthouse, Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Hancom, Inc., ("Hancom") will and does hereby move this Court for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, entering partial summary judgment that Plaintiff Artifex Software, Inc. ("Plaintiff) cannot recover as a matter of law monetary relief in the form of a reasonable royalty, accounting of profits, disgorgement, restitution, or unjust enrichment on its claim for breach of contract and that any form of monetary relief awarded for breach of contract cannot be based on acts or omissions transpiring after March 10, 2008, the date that Hancom breached the contract (if it breached the contract at all) and the contract automatically terminated.

This motion is based upon this Notice of Motion and Motion for Partial Summary Judgment, the attached Memorandum of Points and Authorities, the Declaration of Wangsung Yang, and the Declaration of John J. Dabney, and the exhibits thereto. A proposed order is included with this Motion.

Dated: June 30, 2017                      Respectfully submitted,

                                          McDERMOTT WILL & EMERY LLP


                                          By:  */s/ L. Kieran Kieckhefer*
                                               L. Kieran Kieckhefer

                                          Attorneys for Defendant
                                          HANCOM, INC.,

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

    A.    Plaintiff and the GNU GPL ................................................................................ 2

    B.    Hancom's Use of Ghostscript and Plaintiff's Claim for Breach of the GNU GPL ........................................................................................................ 3

    C.    The GNU GPL Automatically Terminated Upon Hancom's Breach .................... 4

LEGAL STANDARDS ................................................................................................................ 5

I.    PLAINTIFF CANNOT RECOVER A REASONABLE ROYALTY OR HANCOM'S PROFITS FOR ITS BREACH OF CONTRACT CLAIM AS A MATTER OF LAW ............................................................................................................... 6

    A.    Damages in the Form of a Reasonable Royalty or Hancom's Profits Would Rewrite the GNU GPL ......................................................................... 6

        1.    Plaintiff is not entitled to a reasonable royalty as a matter of law .............. 6

        2.    Plaintiff is not entitled to Hancom's profits as a matter of law .................. 8

    B.    Plaintiff Cannot Recover Unjust Enrichment or Disgorgement for Its Breach of Contract Claim as a Matter of Law ........................................................ 9

II.    THE MONETARY RELIEF THAT PLAINTIFF CAN RECOVER ON ITS CONTRACT CLAIM MUST BE LIMITED TO THE PERIOD THE GNU GPL WAS IN EFFECT ..................................................................................................... 10

CONCLUSION ......................................................................................................................... 13

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antonick v. Elec. Arts Inc.*,
   No. C 11-1543, 2014 U.S. Dist. LEXIS 7924 (N.D. Cal. Jan. 22, 2014), *aff'd on other grounds,* 841 F.3d 1062 (9th Cir. 2016) ................................................................. 10

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal 4th 503 P.2d 454 (1994) .............................................................................................. 6

*Artifex Software, Inc. v. Diebold, Inc.*,
   Case No. 3:08-cv-4837 (N.D. Cal. filed Oct. 22, 2008) ........................................................ 1

*Artifex Software, Inc. v. Palm, Inc.*,
   Case No. 5:09-cv-5679 (N.D. Cal. filed Dec. 2, 2009) ......................................................... 1

*CitriLite Company v. Cott Beverages, Inc.*,
   721 F. Supp. 2d 912 (E.D. Cal. 2010) ................................................................................. 11

*Document Sec. Sys. v. Coupons.com*,
   55 F. Supp. 3d 485 (W.D.N.Y. 2014) ............................................................................... 7, 9

*Doe v. Culverwell*,
   35 Cal. 291 (1868) .............................................................................................................. 10

*Fageol & Tate v. Baird-Bailhache Co.*,
   138 Cal. App. 1 (1931) ....................................................................................................... 12

*Fox Broad Co. v Dish Network LLC*,
   160 F. Supp. 3d 1139 (C.D. Cal. 2015) ................................................................................ 8

*Jacobsen v. Katzer*,
   535 F.3d 1373 (Fed. Cir. 2008) .......................................................................................... 12

*Jill Stuart (ASIA) LLC v. Sanei International Co., Ltd.*,
   12 Civ. 3699, 2013 U.S. Dist. LEXIS 89046 (S.D.N.Y. June 17, 2013) .............................. 7

*Jim Beam Brands Co. v. Tequila Cuervo LA Rojena S.A. DE C.V.*,
   600122/2008, 2011 N.Y. Misc. LEXIS 7257 (Sup. Ct. N.Y. July 12, 2011) .................... 8, 9

*Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist.*,
   34 Cal. 4th 960 (2004) ...................................................................................................... 6, 8

*Martin v. UHaul Co. of Fresno*,
   204 Cal. App. 3d 396 (1988) .............................................................................................. 11

# TABLE OF AUTHORITIES
# CONTINUED

**Page(s)**

**Cases**

*McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*,
   339 F.3d 1087 (9th Cir.2003) .................................................................................................. 9

*Miottel v. Cohen*,
   A107087 and A108192, 2005 Cal. App. Unpub. LEXIS 10518, at *12-13
   (Nov. 18, 2005) ..................................................................................................................... 10

*Montgomery v. Wal-Mart Stores, Inc.*,
   12-CV-3057 AJB, 2015 WL 11234134 (S.D. Cal. Oct. 20, 2015) ......................................... 5

*Move, Inc. v. Beardsley*,
   CV 14-9893 DSF (EX), 2016 WL 6106729 (C.D. Cal. Mar. 10, 2016) ............................... 10

*Natural Alternatives, LLC v. JM Farms*,
   Civil Action No. 12-333-KKC, 2016 U.S. Dist. LEXIS 135565 (E.D. Ky. Sept.
   30, 2016) ............................................................................................................................... 11

*Navcom Tech., Inc. v. Oki Elec. Indus. Co.*,
   Case No. 5:12-cv-4175, 2014 U.S. Dist. LEXIS 32159 (N.D. Cal. Mar. 11,
   2014) ....................................................................................................................................... 5

*Netbula, LLC v. BindView Dev. Corp.*,
   516 F. Supp. 2d 1137 (N.D. Cal. 2007) .................................................................................. 5

*Postal Instant Press, Inc. v. Sealy*,
   43 Cal. App. 4th 1704 (1996) ............................................................................................... 12

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) .................................................................................. 9

*Silicon Image, Inc. v. Analogic Semiconductor, Inc.*,
   642 F. Supp. 2d 957 (N.D. Cal. 2008) .................................................................................. 13

*Spinelli v. NFL*,
   96 F. Supp. 3d 81 (S.D.N.Y. 2015) ....................................................................................... 10

*SPSS, Inc. v. Nie*,
   No. 08 C 66, 2009 U.S. Dist. LEXIS 73863 (N.D. Ill. Aug. 19, 2009) .................................. 7

*Subafilms, Ltd. v. MGM-Pathe Communications Co.*,
   24 F.3d 1088 (9th Cir. 1994) .................................................................................................. 2

# TABLE OF AUTHORITIES
# CONTINUED

**Page(s)**

**Cases**

*Susteen Inc. v. Sourcenext Corp.*,
    266 Fed. App'x 690 (9th Cir. Feb. 14, 2008) ................................................................. 7, 11

**Statutes**

17 U.S.C. § 504 ..................................................................................................................... 2, 12

Cal. Civ. Code § 1638 ................................................................................................................. 10

Cal. Civ. Code § 3358 ............................................................................................................ passim

Cal. Civ. Code § 3359 ................................................................................................................. 12

Fed. R. Civ. P. 56 ......................................................................................................................... 5

**Other Authorities**

1 Witkin, Summary of Cal. Law, Contracts § 813 (10th ed.) ....................................................... 6

24 Williston on Contracts § 64:1 (4th ed.) ................................................................................... 8

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**INTRODUCTION**

Plaintiff Artifex Software, Inc. alleges that Defendant Hancom, Inc. "abused Artifex's altruism" by breaching the GNU General Public License ("GNU GPL"), the free, open-source license used by Plaintiff to license its Ghostscript software program.[1] Compl. ¶¶ 2-3. But this case has nothing to do with "altruism"—it is strictly about the money.

Unsatisfied with the scope of monetary relief available through its copyright claim, Plaintiff persists in its quest to obtain monetary relief through its claim for breach of the GNU GPL, which does not contain any sort of provision requiring the payment of money to Plaintiff.[2] It is clear that Plaintiff wants to parlay Hancom's alleged breach of a royalty-free license into a moneymaking opportunity. By its own terms, the GNU GPL did not require Hancom to pay money to Plaintiff under any circumstances and it automatically terminated on March 10, 2008, the first day Hancom sold software which used Ghostscript.

As monetary relief for its contract claim, Plaintiff nevertheless insists that Hancom must pay a reasonable royalty, and disgorge its profits and alleged unjust enrichment from sales of software which used Ghostscript through August 25, 2016, the date Ghostscript was removed from the software. But the GNU GPL is a non-monetary contract that ended as soon as it began, and Artifex cannot attempt to replace it with a commercial license that the parties never discussed, let alone entered into. That Plaintiff offers commercial licenses requiring payment for the same software it licenses under the GNU GPL is of no moment in this case—it is undisputed that Hancom never entered into a commercial license with Plaintiff. The GNU GPL is the only contract which Plaintiff alleges Hancom breached, and the GNU GPL does not require Hancom to pay any money whatsoever to Plaintiff.

---

[1] Hancom contends that it did not breach the GNU GPL, but solely for purposes of this motion, assumes that Plaintiff can establish that Hancom breached the GNU GPL in the manner alleged by Plaintiff.

[2] Plaintiff has previously tried to monetize its open-source software into lucrative settlements, but this is the first time that Plaintiff has asserted a claim for breach of the GNU GPL in addition to a claim for copyright infringement. *See* Complaint, *Artifex Software, Inc. v. Diebold, Inc.*, Case No. 3:08cv4837 (N.D. Cal. filed Oct. 22, 2008); Complaint, *Artifex Software, Inc. v. Palm, Inc.*, Case No. 5:09cv5679 (N.D. Cal. filed Dec. 2, 2009).

Plaintiff will not be without monetary relief in this case if the Court grants Hancom's Motion, as Plaintiff has also alleged a copyright claim. If Plaintiff establishes liability on its copyright claim, Plaintiff could recover its actual damages and Hancom's profits attributable to the infringement, based on Hancom's allegedly infringing sales in the United States, or, alternatively, statutory damages. *See* 17 U.S.C. § 504; *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994).

Hancom files this motion for partial summary judgment to obtain a ruling on a narrow, basic issue of contract law which Plaintiff simply refuses to accept: the monetary relief which Plaintiff can recover on its contract claim cannot exceed that which it would have received if Hancom had not allegedly breached the GNU GPL. Thus, Plaintiff, for example, cannot receive a reasonable royalty on Hancom's software sales: the GNU GPL does not have a royalty provision. Plaintiff cannot recover Hancom's profits from Hancom's sales: the GNU GPL does not require the payment of any money under any circumstances to Plaintiff. Plaintiff cannot recover unjust enrichment or disgorgement: as Plaintiff contends, there was a contract between the parties—the GNU GPL. And as a matter of law, Plaintiff cannot recover these remedies (or any other monetary remedies for that matter) over the course of nine years through its contract claim, when, by Plaintiff's own admission, the GNU GPL ended just as soon as it began.

## STATEMENT OF FACTS

### A. *Plaintiff and the GNU GPL*

1. Plaintiff is a software company which licenses Ghostscript, a computer program that facilitates the display and printing of certain file types through the interpretation of page description language files. Compl. ¶ 1. Plaintiff has chosen to license Ghostscript to third parties under the GNU General Public License Version 3.0 ("GNU GPL") or under a commercial license. *See* Compl. ¶¶ 17-18 & Ex. 1 thereto (GNU GPL).

2. The GNU GPL is a free or open-source, non-exclusive form license. *See* Compl. ¶ 1 & Ex. 1 thereto (GNU GPL Preamble). The GNU GPL is "designed to make sure that [a licensee has] the freedom to distribute copies of free software (and charge for them if [a licensee] wish[es]." Compl. Ex. 1 (GNU GPL Preamble).

3. There is no provision in the GNU GPL which requires a licensee to pay money to Plaintiff—whether royalties, licensing fees, or any other monies—for use of Ghostscript. *See* Compl. Ex. 1; *see also* Pl.'s Opp'n Mot. Dismiss (Dkt. No. 27) at 3 (stating that licensees of Ghostscript under the GNU GPL "license Ghostscript under the GNU GPL **without paying a fee**" (emphasis added)); *id.* at 13 (observing "the **absence of a required licensing fee** in the GNU GPL" (emphasis added)).

4. There is no liquidated damages provision in the GNU GPL. *See* Compl. Ex. 1 (GNU GPL).

5. The GNU GPL does not require that a party enter into a commercial license with Plaintiff if the party does not accept the GNU GPL. *See* Compl. Ex. 1; Pl.'s Opp'n Mot. Dismiss (Dkt. No. 27) at 3 (acknowledging that "[a] third party can likewise infringe Artifex's copyright in Ghostscript . . . if the third party does not license Ghostscript under the GNU GPL or a commercial license from Artifex").

6. Plaintiff asserts that the GNU GPL was a valid contract between Plaintiff and Hancom. Compl. ¶ 21 & Ex. 1 thereto (GNU GPL). The GNU GPL is the only contract which Plaintiff contends Hancom breached. *See* Compl. ¶¶ 33-36.

7. Hancom **never** discussed or entered into a commercial license with Plaintiff, nor did the GNU GPL or anything else obligate Hancom to do so. *See* Declaration of Wangsung Yang ("Yang Decl.") ¶ 4; Pl.'s Opp'n Mot. Dismiss (Dkt. No. 27) at 3.

**B.** *Hancom's Use of Ghostscript and Plaintiff's Claim for Breach of the GNU GPL*

8. Hancom is a software company headquartered in South Korea. Yang Decl. ¶ 3. Hancom has developed a variety of software programs, including Hangul, a word processing program for the Korean language, and Hancom Office, a suite of three software programs including Hangul. Yang Decl. ¶ 3.

9. Hancom previously used Ghostscript in its Hangul, and thus Hancom Office, software. Yang Decl. ¶ 4. Hancom first sold Hangul and Hancom Office which used Ghostscript on or about March 10, 2008 and continuously sold such software until approximately August 25, 2016, when Ghostscript was permanently removed from those programs. Yang Decl. ¶ 4.

1      10.     Plaintiff's Complaint asserts that Hancom breached Section 6 of the GNU GPL by "failing to provide [or offering to provide] the source code of Hangul and Hancom Office" while those programs used Ghostscript. Compl. ¶¶ 23-25, 34. Plaintiff first objected to Hancom's use of Ghostscript by letter dated June 15, 2016. Yang Decl. ¶ 4.

11.     Hancom did not distribute the source code for Hangul and Hancom Office during the period in which those software programs used Ghostscript, i.e., from March 10, 2008 until August 25, 2016, when Hancom permanently removed Ghostscript from Hangul and Hancom Office. Yang Decl. ¶¶ 4-5.

### C.     *The GNU GPL Automatically Terminated Upon Hancom's Breach*

12.     Section 8 of the GNU GPL provides: "You may not propagate or modify a covered work as expressly provided under this License. Any attempt otherwise to propagate or modify it is void, and **will automatically terminate your rights** under this License. . . ." Compl. Ex. 1 (GNU GPL § 8) (emphasis added).

13.     Plaintiff alleges that Hancom's failure to distribute the source code for its software programs during the time those programs used Ghostscript breached the GNU GPL and automatically terminated Hancom's rights to distribute the programs under Section 8 of the GNU GPL. Compl. ¶ 28 ("Hancom's failure to distribute source code along with [Hancom's] software constitutes breach of the requirements set forth in the GNU GPL . . . . Hancom's right to copy or distribute Ghostscript was **terminated upon these acts**." (emphasis added)); Pl.'s Opp'n Mot. Dismiss (Dkt. No. 27) at 4 (stating that Hancom breached the GNU GPL when it failed to distribute or offer to distribute the source code for its software which used Ghostscript and thus "Hancom's rights to modify or distribute then terminated such that **each subsequent modification or distribution of Ghostscript by Hancom was unauthorized and constituted copyright infringement**."(emphasis added)); Declaration of John J. Dabney ("Dabney Decl.") & Ex. 1 thereto (Pl.'s Resp. Interrog. No. 7) ("Hancom's **violation** of the GNU GPL by failing to provide or offer to provide the corresponding source code for its software when distributing it to end users constituted a breach of the GNU GPL. Hancom's rights to reproduce, modify, and distribute Ghostscript under the GNU GPL **subsequently terminated** . . . ." (emphasis added)).

- 4 -

HANCOM'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 3:16-CV-06982-JSC

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

14. Through its claim for breach of the GNU GPL, Plaintiff seeks to recover monetary relief in the form of a reasonable royalty on Hancom's sales of software that included Ghostscript and disgorgement of Hancom's profits from those sales. Compl. ¶ 36; *id.* Prayer for Relief ¶¶ 2, 6; Dabney Decl. Ex. 1 (Pl.'s Resp. Interrog. No. 7).[3] Plaintiff seeks similar forms of monetary relief with respect to its copyright claim, which is based on Hancom's sales of software that used Ghostscript after its rights under the GNU GPL terminated. *See* Compl. ¶ 43; *id.* Prayer for Relief ¶¶ 4, 5; Pl. Opp'n Mot. Dismiss (Dkt. No. 27) at 4 (after Hancom's first sale that failed to comply with the GNU GPL, stating that "**each subsequent modification or distribution of Ghostscript was unauthorized and constituted copyright infringement**" (emphasis added)).

15. Had Hancom fully performed under the GNU GPL, Plaintiff would have received **no money**—royalties, licensing fee, profits, or otherwise—from Hancom. *See* Compl. Ex. 1 (GNU GPL).

## LEGAL STANDARD

Summary judgment should be granted on an issue "when there is no dispute of material fact, and the moving party is entitled to judgment as a matter of law." *Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1147 (N.D. Cal. 2007); Fed. R. Civ. P. 56. Summary judgment need not dispose of the entire case or even an entire claim: instead, the court can summarily resolve discrete issues as to which there is no question of material fact, including whether plaintiff is entitled to certain types of damages. *See, e.g.*, *Navcom Tech., Inc. v. Oki Elec. Indus. Co.*, Case No. 5:12-cv-4175, 2014 U.S. Dist. LEXIS 32159, at *32-42 (N.D. Cal. Mar. 11, 2014) (granting summary judgment to defendant on plaintiff's claimed damages for breach); *Montgomery v. Wal-Mart Stores, Inc.*, 12-CV-3057 AJB (DHB), 2015 WL 11234134, at *1 (S.D. Cal. Oct. 20, 2015) (summarily determining that plaintiff is not entitled to punitive damages, and dismissing that request from complaint).

Here, there is no genuine issue of material fact that Plaintiff **cannot**, as a matter of law, recover certain forms of monetary relief for its contract claim, and the Court should enter

---

[3] Plaintiff has conceded that "exemplary damages" are unavailable for its contract claim, and the Court has deemed that request withdrawn. Apr. 25, 2017 Order (Dkt. No. 32) at 10.

- 5 -

HANCOM'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 3:16-CV-06982-JSC

summary judgment in favor of Hancom on these discrete issues.

## I.   PLAINTIFF CANNOT RECOVER A REASONABLE ROYALTY OR HANCOM'S PROFITS FOR ITS BREACH OF CONTRACT CLAIM AS A MATTER OF LAW.

Through its breach of contract claim, Plaintiff seeks to recover monetary relief in the form of a reasonable royalty on Hancom's sales of software which used Ghostscript or Hancom's profits from those sales. The GNU GPL—the only contract Plaintiff alleges Hancom has breached—contains no provision that requires Hancom to pay Plaintiff any money under any circumstances. Statement of Facts ("SOF") ¶¶ 3-4, 15. California law and fundamental principles of contract law bar Plaintiff's requested relief.

### A.   **Damages in the Form of a Reasonable Royalty or Hancom's Profits Would Rewrite the GNU GPL.**

Contract damages "approximate the agreed-upon performance" that the plaintiff would have received had the defendant not breached a contract. *Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (quoting *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994)). Because the goal of contract damages is to compensate the plaintiff—not to deter or punish the defendant—"the party injured by breach should receive as nearly as possible the equivalent of the benefits of performance [by the breaching party]." 1 Witkin, Summary of Cal. Law, Contracts § 813 (10th ed.). That fundamental principle of contract law is enshrined into the California Civil Code: "[n]o person can recover a greater amount in damages for breach of an obligation he could have gained by the full performance thereof on both sides." Cal. Civ. Code § 3358.

#### *1.   Plaintiff is not entitled to a reasonable royalty as a matter of law.*

Plaintiff seeks a reasonable royalty on Hancom's sales of the software programs which used Ghostscript. But it is undisputed that the GNU GPL did not require Hancom to pay Plaintiff any royalties on sales of Hancom software which used Ghostscript. SOF ¶ 3. It is also undisputed that the GNU GPL does not contain a liquidated damages provision. SOF ¶ 4. Indeed, if Hancom had fully performed the GNU GPL, Plaintiff would have received **no money** from Hancom. SOF ¶ 15. The GNU GPL is the only contract which Plaintiff contends Hancom breached, and while

1 Plaintiff's commercial licenses may require a payment of money to Plaintiff, the parties never
2 discussed or entered such a license. SOF ¶¶ 6-7. Plaintiff cannot rewrite the terms of the GNU
3 GPL in this litigation and insert a royalty provision where one does not exist. *See, e.g.*, *Susteen*
4 *Inc. v. Sourcenext Corp.*, 266 Fed. App'x 690, 691 (9th Cir. Feb. 14, 2008) (rejecting plaintiff's
5 invitation to insert a liquidated damages provision into a contract).

6 Courts have repeatedly rejected attempts to rewrite contracts through the imposition of a
7 reasonable royalty remedy where the contract that was breached did not provide for one. In *Jill*
8 *Stuart (ASIA) LLC v. Sanei International Co.*, Ltd., 12 Civ. 3699, 2013 U.S. Dist. LEXIS 89046
9 (S.D.N.Y. June 17, 2013), *aff'd on other grounds*, 566 Fed. App'x 29 (2d Cir. May 14, 2014), the
10 plaintiff sued the defendant for breach of contract under New York law and copyright
11 infringement based on defendant's unauthorized use of plaintiff's copyrighted fabric print. *Id.* at
12 *1-2. The plaintiff sought a reasonable royalty as damages for its contract claim, even though the
13 contract did not contain a royalty provision. *Id.* at *12-13. The defendant moved for summary
14 judgment on plaintiff's reasonable royalty damages. *Id.* at *1-2.

15 In entering summary judgment for the defendant, the court explained that—like California
16 law—"[t]he goal of damages for a breach of contract under New York law is to place the non-
17 breaching party in the position it would have found itself had the contract been performed." *Id.* at
18 *9 (citation omitted). Rejecting plaintiff's request for a reasonable royalty, the Court held that

> [H]ere the cause of action is not for copyright infringement, but rather for breach of contract. Plaintiffs point to no legal authority for their theory of 'contractual copyright infringement . . . . The only breach of contract case they cite involved the breach of an express royalty provision—**and no such provision exists here**[.]"

23 *Id.* at *12-13 (emphasis added).
24 Unsurprisingly, other courts have reached the same result. *See, e.g.*, *Document Sec. Sys. v.*
25 *Coupons.com*, 55 F. Supp. 3d 485, 496 (W.D.N.Y. 2014) (recovery of reasonable royalty not
26 permitted where "agreement itself did not provide for royalties"); *SPSS, Inc. v. Nie*, No. 08 C 66,
27 2009 U.S. Dist. LEXIS 73863, at *7 (N.D. Ill. Aug. 19, 2009) (observing that plaintiff could not
28 "claim damages on a breach of contract theory since the License Agreement was royalty-free");

1  *Jim Beam Brands Co. v. Tequila Cuervo LA Rojena S.A. DE C.V.,* 600122/2008, 2011 N.Y.
2  Misc. LEXIS 7257, at *10-11 (Sup. Ct. N.Y. July 12, 2011) (refusing to impose reasonable
3  royalty remedy because plaintiff "has not provided any precedent to support an award for
4  reasonable royalty damages in a breach of contract case").

5      The same is true here. The GNU GPL is the only contract which Plaintiff alleges that
6  Hancom breached. SOF ¶ 6. Plaintiff's insistence on a reasonable royalty is an attempt to
7  transform the GNU GPL into a commercial license, which the parties never discussed or entered
8  into, in order to recoup a windfall. Because the GNU GPL does not contain a royalty provision,
9  Plaintiff cannot recover damages as a matter of law for breach of the GNU GPL in the form of a
10 reasonable royalty.[4] *See* Cal. Civ. Code § 3358.

### 2.  *Plaintiff is not entitled to Hancom's profits as a matter of law.*

12     For similar reasons, Plaintiff cannot recover as damages for its contract claim Hancom's
13 profits from the sale of software which included Ghostscript. There is no provision in the GNU
14 GPL that requires Hancom or any licensee to pay any sort of profits to Plaintiff. SOF ¶¶ 3-4, 15.
15 Plaintiff's commercial licenses with other parties may contain such a provision, but it is
16 undisputed that the GNU GPL is the only contract which Plaintiff alleges Hancom breached. SOF
17 ¶ 6.

18     Contract damages are measured by what the plaintiff would have received if the defendant
19 had fully performed under the contract. *See Lewis Jorge*, 34 Cal. 4th at 967-68, 102 P.2d at 261
20 Contract damages are not measured by "the benefits gained by the promisor as a result of the
21 breach." 24 Williston on Contracts § 64:1 (4th ed.). Had Hancom fully performed under the GNU
22 GPL, Plaintiff would have received no money from Hancom. SOF ¶ 15. An award of Hancom's

---

[4] Plaintiff may rely on *Fox Broad Co. v Dish Network LLC*, 160 F. Supp. 3d 1139 (C.D. Cal. 2015), in opposing this Motion. But that case has no force. There, the court denied defendant's summary judgment motion and allowed plaintiff's request for a reasonable royalty for damages for certain claimed breaches of a retransmission agreement to proceed to trial. *Id.* at 1179-1180. The agreement at issue granted Dish the rights to retransmit content shown on Fox's affiliate stations. *Id.* at 1151. Importantly, Dish was contractually obligated to **pay money to Fox each year** in exchange for those rights. *Id.* Here, by contrast, the GNU GPL does not require the payment of money to Plaintiff under any circumstances. SOF ¶¶ 3-4, 15.

1   profits on Plaintiff's contract claim would thus necessarily mean that Plaintiff received *more*

2   money than it would have received if Hancom had fully performed under the GNU GPL. *See,*

3   *e.g., Document Sec. Sys.*, 55 F. Supp. 3d at 496 ("Consequently, even assuming that Defendant

4   breached the agreement, Plaintiff did not suffer any expectation damages thereby, and any

5   payment that it now receives would place it in a better position than if the contract had been

6   performed."); *Jim Beam*, 2011 N.Y. Misc. LEXIS 7257, at *10 ("Jim Beam's theory of damages

7   based on Cuervo's tequila profits does not translate into a benefit that Jim Beam would have

8   received had the Agreement not been breached."). Such an award would violate California Civil

9   Code § 3358: "[N]o person can recover a greater amount in damages for breach of an obligation

10  than he could have gained by the full performance thereof on both sides."

11      The Court should thus enter summary judgment in favor of Hancom on Plaintiff's request

12  for damages on its contract claim in the form of a reasonable royalty or Hancom's profits from

13  sales of its software which used Ghostscript.

14      **B.   Plaintiff Cannot Recover Unjust Enrichment or Disgorgement for Its Breach of Contract Claim as a Matter of Law.**

15

16      Through its breach of contract claim, Plaintiff also seeks disgorgement of Hancom's

17  profits in the form of a reasonable royalty and recovery of "unjust enrichment." SOF ¶ 14.

18  Plaintiff attempts to bypass the very same express contract—the GNU GPL—it contends Hancom

19  breached. Plaintiff is not entitled to such forms of relief as a matter of law.

20      Under California law, unjust enrichment does not lie where there is an enforceable

21  agreement that defines the rights of the parties. *See, e.g., McKesson HBOC, Inc. v. New York*

22  *State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir.2003). Indeed, a claim for

23  unjust enrichment "is inconsistent and incompatible with a related claim for breach of contract[.]"

24  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) (dismissing claim

25  for "unjust enrichment" due to express contract between parties). Plaintiff alleges that the GNU

26  GPL is the express—and only—contract that governed Hancom's use of Ghostscript. SOF ¶¶ 5-7.

27  Because it is undisputed that the GNU GPL did not require Hancom to pay money to Plaintiff,

28  SOF ¶¶ 3-4, 15, Plaintiff's requested remedies for its contract claim of unjust enrichment and

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

disgorgement fail as a matter of law. *See, e.g.*, *Move, Inc. v. Beardsley,* CV 14-9893 DSF (EX), 2016 WL 6106729, at *3 (C.D. Cal. Mar. 10, 2016) (granting summary judgment and rejecting plaintiff's contention that it was entitled to disgorgement of defendant's profits for breach of contract, reasoning that plaintiff would not have received those profits if defendant had not breached); *Spinelli v. NFL*, 96 F. Supp. 3d 81, 134 (S.D.N.Y. 2015) (dismissing plaintiff's unjust enrichment claim based on alleged improper use of plaintiffs' photographs because a written license agreement governed the parties' rights).

To compel Hancom to disgorge its profits "is not only unnecessary to make [Plaintiff] whole, but it would [] provide[] a windfall by awarding [it] more than [it] would have collected absent the breach." *Antonick v. Elec. Arts Inc.*, No. C 11-1543, 2014 U.S. Dist. LEXIS 7924, at *43 (N.D. Cal. Jan. 22, 2014), *aff'd on other grounds,* 841 F.3d 1062 (9th Cir. 2016). The Court should award summary judgment to Hancom with respect to this requested remedy.

## II. THE MONETARY RELIEF THAT PLAINTIFF CAN RECOVER ON ITS CONTRACT CLAIM MUST BE LIMITED TO THE PERIOD THE GNU GPL WAS IN EFFECT.

Plaintiff's available monetary relief for its contract claim, if any, is further circumscribed by the automatic termination of the GNU GPL upon Hancom's alleged breach. *See* SOF ¶¶ 11-15. The GNU GPL states that a licensee "may not propagate or modify a covered work except as expressly provided under this License. Any attempt to otherwise propagate or modify it is void, and will **automatically terminate** your rights under this License[.]" SOF ¶ 11 (emphasis added). Plaintiff previously interpreted this provision to mean that, upon Hancom's alleged breach, only Hancom's rights to use Ghostscript in its software terminated, rather than the GNU GPL. *See* Pl.'s Opp'n Mot. Dismiss (Dkt. No. 27) at 13. That interpretation is ridiculous on its face and violates California statutes governing contract interpretation. Cal. Civ. Code §§ 1638; 1643. A contract requires mutuality—if Hancom's rights under the GNU GPL terminated, the GNU GPL must have necessarily terminated as a matter of law. *See Doe v. Culverwell*, 35 Cal. 291, 295 (1868) ("To be obligatory on either party, a contract must be mutual and reciprocal in its obligations."); *Miottel v. Cohen*, A107087 and A108192, 2005 Cal. App. Unpub. LEXIS 10578, at *12-13 (Nov. 18, 2005) (affirming trial court's sustaining of demurrer where plaintiff's

interpretation of contract provision, "even if the literal language of the subject clause supported it, was "quixotic" and "one-sided" and "unreasonable as a matter of law").

Assuming solely for purposes of this Motion that, as Plaintiff alleges, Hancom breached the GNU GPL by failing to distribute the source code for its Hangul and Hancom Office software which used Ghostscript, the GNU GPL automatically terminated on or about March 10, 2008, as soon as Hancom first sold that software without distributing that software's source code. SOF ¶¶ 8-12. And because Hancom did not distribute the source code for its software during the period in which that software used Ghostscript, the GNU GPL was never reinstated. SOF ¶¶ 11, 13.

Plaintiff cannot recover damages through its contract claim for Hancom's sales of Hangul and Hancom Office which used Ghostscript that were made **after** the GNU GPL automatically terminated on or about March 10, 2008. Such sales—by definition—did not breach the GNU GPL because the GNU GPL had terminated. *See, e.g.*, *CitriLite Company v. Cott Beverages, Inc.*, 721 F. Supp. 2d 912, 936 (E.D. Cal. 2010) (where contract terminated upon expiration of the 60-day notice period, "Citri-Lite could not reasonably expect further performance or royalty payments from the Agreement beyond that point. . . . **To the extent Citri-Lite seeks damages for lost royalty payments beyond the termination of the Agreement, Plaintiff is barred from recovering those damages**." (emphasis added)); *Martin v. UHaul Co. of Fresno*, 204 Cal. App. 3d 396, 410-411 (1988) (holding that plaintiff could only recover damages for the period before the contract terminated upon defendant's breach). Where a contract provides for automatic termination, a non-breaching party cannot choose whether to enforce termination or seek other remedies—**the contract terminates by its very terms**. *See, e.g., Natural Alternatives, LLC v. JM Farms*, Civil Action No. 12-333-KKC, 2016 U.S. Dist. LEXIS 135565, at *4-6 (E.D. Ky. Sept. 30, 2016).

Plaintiff chose to license Ghostscript under a non-exclusive, royalty-free form license with an automatic termination provision. SOF ¶¶ 1-2, 12. As the Ninth Circuit has recognized, even where a license contains a royalty provision, "[u]nder California law . . . if a licensor elects to terminate a license agreement upon the licensee's breach, the obligation to pay future royalties ceases as well." *Susteen Inc v. Sourcenext Corp.*, 266 Fed. App'x 690, 691 (9th Cir. Feb. 14,

2008) (citations omitted) (affirming grant of summary judgment holding that plaintiff was not entitled to receive post-termination royalty payments); *Fageol & Tate v. Baird-Bailhache Co.*, 138 Cal. App. 1, 5 (1931) (denying post-termination royalties because, "having elected to terminate the contract, [the licensors] can only recover what was due under it at the date of its termination"). Plaintiff's recovery of any monies for breach of contract based on acts or omissions after March 10, 2008 would violate basic maxims of California contract law. *See* Cal. Civ. Code §§ 3358, 3359 ("Damages must, in all cases, be reasonable[.]"); *see, e.g.*, *Postal Instant Press, Inc. v. Sealy*, 43 Cal. App. 4th 1704, 1715 (1996) (award of lost future royalties under terminated franchisor-franchisee agreement would "distort the relationship between the breach and remedy" and violate Cal. Civ. Code § 3359).

After the automatic termination of the GNU GPL on March 10, 2008, any allegedly unauthorized use of Ghostscript by Hancom is not subject to the contract and Plaintiff cannot recover damages through its contract claim for Hancom's post-March 10, 2008 sales. As Plaintiff acknowledges, if Plaintiff proves Hancom is liable for copyright infringement, Plaintiff can pursue monetary relief for Hancom's post-termination sales in the United States through its copyright claim. *See* 17 U.S.C. § 504; *see* SOF ¶¶ 12, 14 (contending that, after the GNU GPL terminated upon Hancom's first sale of software which used Ghostscript without the software's source code, "**each subsequent modification or distribution of Ghostscript by Hancom was unauthorized and constituted copyright infringement**."). But as a matter of law, assuming Hancom breached the GNU GPL in the manner in which Plaintiff contends, Plaintiff cannot recover through its contract claim for Hancom's sales of software which used Ghostscript after March 10, 2008.[5]

---

[5] Plaintiff also claims that Hancom's failure to distribute the source code for its software which used Ghostscript deprived Plaintiff of "improved notoriety of Ghostscript, the sharing of new ideas for how to use Ghostscript, lead generation for possible commercial licensing of Ghostscript, and the improvement of Ghostscript and interpreter technologies through knowledge-sharing inherent in the sharing of open source software." Dabney Decl. Ex. 1 (Artifex Resp. Interrog. No. 7). In a decision concerning the breach of an open-source license, the Federal Circuit held that the calculation of damages for those same alleged harms is "**inherently speculative**." *Jacobsen v. Katzer*, 535 F.3d 1373, 1382 (Fed. Cir. 2008) (emphasis added) (noting that open-source licenses "might well be rendered meaningless absent the ability to enforce

# CONCLUSION

For the foregoing reasons, Hancom asks that the Court enter summary judgment that (1) Plaintiff cannot recover as a matter of law a reasonable royalty or Hancom's profits as any form of damages for Plaintiff's contract claim, (2) Plaintiff cannot recover as a matter of law disgorgement of Hancom's profits, restitution, or unjust enrichment, as remedies for Plaintiff's contract claim, and (3) Plaintiff cannot recover as a matter of law any monetary relief for Hancom's alleged breach of the GNU GPL after March 10, 2008, the date the GNU GPL automatically terminated.

Dated: June 30, 2017                    Respectfully submitted,

                                        McDERMOTT WILL & EMERY LLP


                                        By: */s/ L. Kieran Kieckhefer*
                                            L. Kieran Kieckhefer

                                        Attorneys for Defendant
                                        HANCOM, INC.

---

through injunctive relief" because of the speculative nature of quantifying damages for breach of such licenses). While Hancom is not seeking summary judgment on Plaintiff's request for these alleged damages in this Motion, it is almost certain that Plaintiff cannot prove them up. *See, e.g., Silicon Image, Inc. v. Analogic Semiconductor, Inc.,* 642 F. Supp. 2d 957, 964-65, 970 (N.D. Cal. 2008) (granting summary judgment on counterclaim for damages for breach of contract where there was "no evidence that would provide a reasonable basis for quantifying these damages").