# EXHIBIT 1

DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
JESSE J. KOEHLER (S.B. #300530)
jkoehler@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTIFEX SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> HANCOM, INC., <br><br> Defendant. | Case No.  3:16-cv-06982-JSC <br><br> **PLAINTIFF ARTIFEX SOFTWARE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HANCOM, INC.'S INTERROGATORIES, SET ONE (NOS. 1-7)** |

**PROPOUNDING PARTY:**          DEFENDANT HANCOM, INC.

**RESPONDING PARTY:**          PLAINTIFF ARTIFEX SOFTWARE, INC.

**SET NUMBER:**          ONE (NOS. 1-7)

Artifex Software Inc. ("Artifex") in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits these Responses and Objections to Defendant Hancom, Inc.'s ("Hancom") Interrogatories, Set One to Artifex (the "Responses").

## PRELIMINARY STATEMENT

The following Responses are based on the information currently known to Artifex. While Artifex has undertaken a diligent investigation in response to Hancom's First Set of Interrogatories (the "Interrogatories"), Artifex may need to modify, supplement, or amend the

Responses as more information becomes available.  Artifex anticipates that as this case proceeds, further information, documents, theories and contentions may be discovered by Artifex.  Without in any way obligating itself to do so, Artifex expressly reserves the right to modify, supplement, or amend any or all of these Responses, as well as the right to use in discovery and at trial any information omitted from these Responses as a result of mistake, inadvertence, or oversight.  Furthermore, Artifex's responses are made without in any way intending to waive, but, on the contrary, intending to preserve:

    1.    The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information provided in response to Hancom's Interrogatories that may arise in any subsequent proceeding in, or the trial of, this or any other action;

    2.    The right to object to the use of the information provided in response to Hancom's Interrogatories in any subsequent proceeding in, or the trial date of, this or any other action on any grounds;

    3.    The right to object to introduction into evidence of these responses; and

    4.    The right to object on any ground at any time to other discovery involving the subject matter thereof.

## **GENERAL OBJECTIONS**

Artifex states the following General Objections.  In the answers that follow, when Artifex refers to General Objections, the text that follows is incorporated in such answer by reference, as if set out in full.  No specific objection shall be construed to waive any of the General Objections.

    1.    Artifex objects to each Interrogatory to the extent that it requests information protected against disclosure by the attorney-client privilege, work product doctrine, joint defense privilege or any other rule of privilege, confidentiality, rule regarding proprietary or trade secret information or immunity provided by law.  Artifex uses the word "privilege" in these Responses to refer, without limitation, to each of the referenced grounds for protection from disclosure.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client

privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

2. Artifex objects to each and every Interrogatory to the extent that it seeks information not relevant to the claim or defense of any party to a claim or defense of a party or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Artifex objects to Hancom's Definitions and to each and every Interrogatory to the extent they purport to impose burdens on Artifex that are inconsistent with, or not otherwise authorized by, the Federal Rules of Civil Procedure and the local rules of this Court, or which seek to expand Artifex's obligations thereunder. Artifex will construe and respond to the requests in a manner consistent with the Federal Rules of Civil Procedure and the local rules of this Court, and not otherwise.

4. Artifex objects to each Interrogatory to the extent that it calls for (i) information within Hancom's knowledge or to which Hancom has equal or superior access or (ii) information which is readily available to Hancom from its own records, from other third party sources or from publicly available sources or information. For each such Interrogatory, the burden of deriving or ascertaining such information is substantially the same for Hancom as for Artifex and, therefore, each such Interrogatory is unduly burdensome, oppressive, harassing and vexatious, goes beyond any legitimate need of Hancom for discovery, and exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure.

5. Artifex objects to each Interrogatory to the extent that it contains terms or phrases that are vague, ambiguous, or capable of various interpretations.

6. Artifex objects to each Interrogatory to the extent that it seeks information comprising trade secrets or other confidential information. Artifex further objects to each and every Interrogatory to the extent that it seeks information falling within the scope of a confidentiality agreement, protective order or settlement agreement, or that otherwise requires

consent of any third party prior to production.  No such information will be provided unless Hancom secures the required consent from the appropriate third parties.  In addition, no confidential, proprietary, or trade secret information will be produced except pursuant to the terms of a protective order.

   7.  Artifex objects to each Interrogatory to the extent it calls for production of the same information called for by one or more of Hancom's other requests.  To the extent Artifex has agreed to provide specific information, Artifex will do so only once, irrespective of the number of Interrogatories to which the information is responsive.

   8.  Artifex objects to each Interrogatory to the extent that it assumes the admissibility, truth, accuracy, or relevance of any interrogatory response, or seeks an admission from Artifex concerning such matters. .

**RESPONSES TO INTERROGATORIES (SET ONE)**

**INTERROGATORY NO. 1:**

Identify each person involved in creating and developing Ghostscript and describe in detail the role that each person played and the dates of their involvement.

**RESPONSE TO INTERROGATORY NO. 1**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above.  Artifex further objects to this Interrogatory as unduly burdensome, expensive, and oppressive to the extent it seeks information that is currently in Hancom's possession, custody or control, or can be obtained from some other source that is more convenient, less burdensome, or less expensive than Artifex.  Artifex further objects to the Interrogatory as overbroad and unduly burdensome to the extent that is without any limit as to time period.

Subject to and without waiving any of its objections, Artifex responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), Artifex will produce relevant and responsive non-privileged documents, including, but not limited to, those documents produced in response to Request No. 3 of Hancom's contemporaneously served Requests for Production of Documents and Things, Set One, to the extent a reasonable search and diligent inquiry in proportion to the needs of the case reveals any such documents, from which Hancom may determine the identity of

each person involved in the creation and development of Ghostscript and those individuals' roles and dates of involvement. As discovery has just commenced, Artifex reserves the right to amend, modify, or supplement its response to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify each person involved with the licensing of Ghostscript and describe in detail the role each person played, including whether they were involved in commercial licensing or open source licensing, and the dates of their involvement.

**RESPONSE TO INTERROGATORY NO. 2**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above. Artifex further objects to the Interrogatory as overbroad and unduly burdensome to the extent that is without any limit as to time period.

Subject to and without waiving any of its objections, Artifex responds as follows: Artifex's President Miles Jones and Vice President of Sales Scott Sackett are responsible for the licensing of Ghostscript including the fielding of licensing inquiries and preparation and negotiation of licensing agreements. Mr. Jones and Mr. Sackett have been responsible for the commercial licensing of Ghostscript since at least as early as 1993 and have been responsible for the open source licensing of Ghostscript since at least as early as 2007.

**INTERROGATORY NO. 3:**

Describe in detail every reason why you adopted a dual licensing scheme (e.g., commercial licensing and open source licensing pursuant to such licenses as the GNU GPL) for Ghostscript.

**RESPONSE TO INTERROGATORY NO. 3**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above.

Subject to and without waiving any of its objections, Artifex responds as follows: Artifex's agreements with Aladdin Enterprises regarding the transfer of Ghostscript to Artifex require that Artifex continue to support the dual licensing approach begun by Aladdin Enterprises, including that Artifex continue to support and take responsibility for the versions of

Ghostscript released to the public under the Aladdin Free Public License, versions of the GNU General Public License, and, most recently, the GNU Affero General Public License. Artifex has also continued the dual licensing approach because Artifex (1) recognizes the commercial value of its substantial, extensive, and continuing investment in the research and development of Ghostscript and (2) firmly believes in the importance of open source software and its contributions to the public and the advancement of technology—here, interpreter technologies. Distributing Ghostscript as open source software allows the public to benefit from knowledge sharing, including being able to study, understand, learn from, improve, and share the software. The open source distribution also benefits Artifex by making Ghostscript more commonly known as an exceptional PDF interpreter and by helping third parties learn how they might incorporate Ghostscript into their software and products. In this way, the open source licensing of Ghostscript also acts as a lead generator for possible commercial licensing of Ghostscript in that companies will reach out to Artifex—as the exclusive commercial licensor of Ghostscript—to discuss options for using Ghostscript in a proprietary manner noncompliant with the open source terms under which Ghostscript is otherwise licensed. The dual licensing approach also allows Artifex the funds necessary to continue investing in and improving Ghostscript.

**INTERROGATORY NO. 4:**

Describe in detail all communications concerning the wrongful conduct alleged in the Complaint, including the facts and circumstances concerning Plaintiff's discovery of the allegedly wrongful conduct, the identity of the individual who discovered the allegedly wrongful conduct, the date on which it was discovered and the substance of all communications concerning the allegedly wrongful conduct, including all internal communications.

**RESPONSE TO INTERROGATORY NO. 4**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above. Artifex further objects to this Interrogatory as unduly burdensome, expensive, and oppressive to the extent it seeks information that is currently in Hancom's possession, custody or control, or can be obtained from some other source that is more convenient, less burdensome, or less expensive than Artifex. Artifex further objects to this Interrogatory on the ground that it

seeks information that is protected from discovery by the attorney-client privilege, and/or the attorney work product doctrine, and/or the accountant-client privilege, and/or other privileges or protections.

Subject to and without waiving any of its objections, Artifex responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), Artifex will produce relevant and responsive non-privileged documents, including, but not limited to, those documents produced in response to Requests No. 39, No. 40, and No. 42 of Hancom's contemporaneously served Requests for Production of Documents and Things, Set One, to the extent a reasonable search and diligent inquiry in proportion to the needs of the case reveals any such documents, from which Hancom may determine the details surrounding Artifex's discovery of Hancom's wrongful conduct and communications concerning that wrongful conduct. As discovery has just commenced, Artifex reserves the right to amend, modify, or supplement its response to this Interrogatory.

**INTERROGATORY NO. 5:**

Describe in detail all instances where a person incorporated Ghostscript or MuPDF or a derivative of either into a product and distributed that product to others without providing (or offering to provide in writing) the source code for the product to each person who received the product.

**RESPONSE TO INTERROGATORY NO. 5**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above. Artifex further objects to this Interrogatory as unduly burdensome, expensive, and oppressive to the extent it seeks information that is currently in Hancom's possession, custody or control, or can be obtained from some other source that is more convenient, less burdensome, or less expensive than Artifex. Artifex further objects to this Interrogatory on the ground that it seeks information that is protected from discovery by the attorney-client privilege, and/or the attorney work product doctrine, and/or the accountant-client privilege, and/or other privileges or protections. Artifex further objects to this Interrogatory to the extent that it seeks information concerning MuPDF or a derivative of MuPDF that is not relevant to the claim or defense of any party to a claim or defense of a party or not proportional to the needs of the case. Artifex further

objects to the Interrogatory as overbroad and unduly burdensome to the extent that is without any limit as to time period.

Subject to and without waiving any of its objections, Artifex responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), Artifex will produce relevant and responsive non-privileged documents, including, but not limited to, those documents produced in response to Requests No. 27, No. 31, No. 39, and No. 54 of Hancom's contemporaneously served Requests for Production of Documents and Things, Set One, to the extent a reasonable search and diligent inquiry in proportion to the needs of the case reveals any such documents, from which Hancom may determine the details surrounding all instances known to Artifex where a person has incorporated Ghostscript or MuPDF or a derivative of either into a product and distributed that product without complying with the GNU GPL (*i.e.*, by failing to provide or offer to provide the corresponding source code). As discovery has just commenced, Artifex reserves the right to amend, modify, or supplement its response to this Interrogatory.

**INTERROGATORY NO. 6:**

Describe in detail all communications in which any person stated or suggested to you in sum or substance that the GNU GPL is not a contract.

**RESPONSE TO INTERROGATORY NO. 6**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above. Artifex further objects to this Interrogatory as unduly burdensome, expensive, and oppressive to the extent it seeks information that is currently in Hancom's possession, custody or control, or can be obtained from some other source that is more convenient, less burdensome, or less expensive than Artifex. Artifex further objects to the Interrogatory as overbroad and unduly burdensome to the extent that is without any limit as to time period.

Subject to and without waiving any of its objections, Artifex responds as follows: The only communications Artifex has received suggesting that the GNU GPL is not a contract are Hancom's submissions in support of its motion to dismiss this case. Pursuant to Federal Rule of Civil Procedure 33(d), Artifex directs Hancom to those documents produced in response to Request No. 47 of Hancom's contemporaneously served Requests for Production of Documents

and Things, Set One, from which Hancom may determine the details of its communications suggesting that the GNU GPL is not a contract.

**INTERROGATORY NO. 7:**

Describe in detail each type of monetary relief, e.g., damages, profits, etc., you are seeking in this Action, including the amount you are seeking for each type of monetary relief, how you calculated the amount, including any deductions taken into account for non-infringing aspects of Hancom's products, and separately for each type of monetary relief sought, the factual basis for seeking that type of monetary relief.

**RESPONSE TO INTERROGATORY NO. 7**

Artifex objects to this Interrogatory on the basis of each and every General Objection set forth above. Artifex further objects to this Interrogatory to the extent that it seeks information comprising trade secrets or other confidential information.

Subject to and without waiving any of its objections, Artifex responds as follows: At this early stage in the litigation, Artifex has only just begun conducting fact discovery into the issue of monetary relief, and Artifex has not received critical information and documents from Hancom. Accordingly, Artifex is without sufficient information to describe in detail each type of monetary relief it is seeking. Artifex believes it is entitled to monetary recovery in the form of statutory damages; compensatory damages; disgorgement of Hancom's profits and advantages in the form(s) of a reasonable royalty; and consequential damages, including, but not limited to, the value lost as a result of Hancom's depriving Artifex of certain knowledge-sharing and lead generation benefits as a result of Hancom's failure to provide or offer to provide corresponding source code to recipients of Hancom software. In addition, Artifex seeks attorneys' fees, costs, and pre- and post-judgment interest. Artifex will supplement its response to this Interrogatory as additional information becomes available.

The factual basis for each type of monetary relief follows:

In short, despite Hancom's representation on its website that it licensed Ghostscript under the GNU GPL and complied with its obligations under the GNU GPL, Hancom violated the terms of the GNU GPL by failing to provide or offer to provide corresponding source code when

distributing Hancom's software incorporating Ghostscript to consumers, including, at least, Hancom's Hangul and Hancom Office software.  In particular, Hancom integrated Ghostscript into its software in a way that an end user interfaced with only the Hancom software without any option for opting out of use of Ghostscript or the obligations concerning Ghostscript under the GNU GPL.  The end user was never separately notified that Ghostscript was a part of the Hancom software as such incorporation of Ghostscript was seamless and invisible to the end user.  Hancom's violation of the GNU GPL by failing to provide or offer to provide the corresponding source code for its software when distributing it to end users constituted a breach of the GNU GPL.  Hancom's rights to reproduce, modify, and distribute Ghostscript under the GNU GPL subsequently terminated, rendering Hancom's modification, reproduction, and distribution of software containing Ghostscript infringement of Artifex's copyright in Ghostscript.  Hancom's infringement occurred in the United States as well as abroad.  Hancom continued to distribute its infringing software after Artifex notified Hancom of its breach of the GNU GPL and infringement.  Hancom never sought and never received a commercial license to Ghostscript.  At least version 8.54 of Ghostscript was registered before Hancom's infringement began and was discovered.  Hancom profited from its commercial use of Ghostscript and deprived Artifex of certain benefits Artifex otherwise derives from open source licensing because Hancom failed to provide the corresponding source code required by the GNU GPL when distributing Hancom's software incorporating Ghostscript.  Those benefits include the improved notoriety of Ghostscript, the sharing of new ideas for how to use Ghostscript, lead generation for possible commercial licensing of Ghostscript, and the improvement of Ghostscript and interpreter technologies through knowledge-sharing inherent in the sharing of open source software.  Artifex lost profits as a result of Hancom's breach and copyright infringement because Artifex is the exclusive licensor of Ghostscript and Hancom would have necessarily needed to commercially license Ghostscript from Artifex to use Ghostscript in Hancom's software without complying with the GNU GPL.  Artifex has also incurred significant expenses enforcing Hancom's contractual obligations under the GNU GPL.

Dated: May 12, 2017

DARIN W. SNYDER
O'MELVENY & MYERS LLP


By: */s/ Darin W. Snyder*
      Darin W. Snyder

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.

**PROOF OF SERVICE BY EMAIL**

I am a citizen of the United States and employed in San Francisco County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is Two Embarcadero Center, 28th Floor, San Francisco, California 94111-3305. On May 12, 2017, pursuant to agreement between counsel for service by email, I transmitted from my business email account, jkoehler@omm.com, an electronic copy of the following:

**PLAINTIFF ARTIFEX SOFTWARE, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HANCOM, INC.'S INTERROGATORIES, SET ONE (NOS. 1-7)**

together with an electronic copy of this declaration, to the following, at the email address indicated below:

L. KIERAN KIECKHEFER
kkieckhefer@mwe.com
Artifex-HancomInternal@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004

JOHN J. DABNEY
jdabney@mwe.com
MARY D. HALLERMAN
mhallerman@mwe.com
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, D.C. 20001

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 12, 2017, at San Francisco, California.

By: */s/ Jesse J. Koehler*
    Jesse J. Koehler